## CHARLES SPEAR *v.* JOHN CURTIS.

*Statute of Limitations.   Pleadings.   Judgment.*

Where an action fails on account of the neglect of the magistrate to appear with the writ at the time and place of trial, and the plaintiff brings another action within a year, the statute of limitations will not be a bar to the suit, the case being saved by the provisions of section 17, chapter 63, of the General Statutes.

The plaintiff brought an action of debt on a judgment within eight years from the time it was rendered, and the action failed on account of the neglect of the magistrate to appear with the writ at the time and place of trial. The plaintiff then within one year from such failure commenced this second action on said judgment, but more than eight years after the judgment was rendered. *Held*, that the statute of limitations was not a bar.

Spear *v.* Curtis.

THIS was an action of debt on judgment. Pleas, 1st. *Nul tiel record.* 2d. That the cause of action did not accrue within eight years, etc. 3d. That the action was not brought within eight years after the rendition of the judgment declared upon. Upon the first plea no question arises. To the second and third pleas the plaintiff replied, and to the replication the defendant put in a general demurrer, and the question is as to the sufficiency of the replication. The case was tried at the January Term, 1865, when the court, PECK, J., presiding, rendered judgment that there is such a record, and that the plaintiff's replication is sufficient, and judgment for the plaintiff to recover the amount of the judgment declared upon,—to all which the defendant excepted.

The replication was as follows, viz:

" And the said plaintiff, as to the said pleas of the said defendant,
" by him secondly and thirdly, above pleaded, saith, that the said plain-
" tiff, by reason of any thing by the said defendant in those pleas
" alleged, ought not to be barred from having and maintaining his
" aforesaid action thereof against the said defendant, because he saith
" that he, the said plaintiff, within eight years next after the rendi-
" tion of the said judgment, in said declaration mentioned, to wit:
" on the 30th day of April, A. D. 1864, at Randolph, in said
" county, sued out a writ of attachment, in due form of law, in his
" favor, against the said defendant, upon the said judgment in said
" declaration in this action, above mentioned, which said writ was
" signed by Gilbert Tilson, of said Randolph, a justice of the peace
" within and for said Orange county, and made returnable before
" said justice at the inn of James M. Warner, in said Braintree, on
" the 10th day of May, A. D. 1864, at nine o'clock in the forenoon,
" and duly and legally served upon the said defendant, and was
" returned to the said justice long before the return day thereof,
" to wit, on the 5th day of May, aforesaid, and in season to enable
" the said justice to be present with said writ at the time and place
" of trial, aforesaid. And the plaintiff avers that it was expected
" on his part that the said defendant would not appear to defend said
" action, but therein would suffer judgment to be taken against him
" by default; whereupon the said plaintiff caused the said justice to
" be informed at the time said writ was returned to him, as aforesaid,
" that it was not deemed necessary for the said plaintiff, or any one on
" his behalf, to be present at the time and place of trial, aforesaid,
" for the reason that it was expected on the part of the said plaintiff
" that the said defendant would not appear to defend said action, but
" therein would suffer judgment to be taken against him by default,
" and that thereupon said justice declared that he, the said justice,
" could assess damages and tax costs in said suit, and that no

" appearance on behalf of the said plaintiff would be necessary, and
" at the same time particularly declared that he, the said justice,
" would certainly be present at the time and place of trial, aforesaid,
" whereupon, and by reason of which, the said justice was then
" informed that no appearance would be made at the time and place
" aforesaid, on behalf of the said plaintiff, and the plaintiff avers
" that accordingly no appearance on his behalf was then and there
" made ; and the plaintiff avers that, without any fault or neglect on
" his part, the said justice was not present with the writ, aforesaid, at
" the place therein set for trial at any time within two hours after the
" time therein set for trial, as aforesaid, nor at any time during the
" return day thereof, aforesaid, but to be then and there present
" wholly neglected, whereby, and by reason whereof, said action was
" defeated and avoided ;  and the plaintiff avers that said writ con-
" tinued in the custody and possession of the said justice from the
" time of its return to him as aforesaid, up to and including the
" return day thereof, and that said justice resided a great distance,
" to wit, six miles from the place of trial, aforesaid, and that said
" plaintiff would have been unable to have obtained the possession of
" said writ in season to have procured the continuance of said cause
" by another justice of the peace had he attended at the time and
" place of trial, aforesaid.

   " And the said plaintiff farther says that, afterwards and within one
" year next after the determination of said suit, as aforesaid, to wit, on
" the 11th day of May, aforesaid, he, the said plaintiff, again sued out
" a writ of attachment in his favor against the said defendant in due
" form of law, upon the same judgment aforesaid, which said last
" mentioned writ was signed by the said Gilbert Tilson, justice of
" the peace, as aforesaid, and made returnable before said justice at
" the inn of the said Warner on the 19th day of May, aforesaid, and
" duly and legally served upon the said defendant, and was returned to
" the said justice long before the return day thereof, to wit, on the 14th
" day of May aforesaid, at which time said justice positively assured
" the plaintiff that he, the said justice, would certainly be present at
" the time and place of trial, aforesaid, and therein would make no
" default ;  and the plaintiff avers that upon divers days and times
" between the 14th day of May, aforesaid, and the 19th day of May,
" aforesaid, he, the said plaintiff, caused said justice to be personally
" reminded of the time when said last mentioned writ was made
" returnable.   Nevertheless the plaintiff says that without any fault
" or neglect on his part, the said justice was not present with the
" writ, last aforesaid, at the place therein set for trial at any time
" within two hours after the time therein set for trial, nor at any
" time during the return day thereof, but, to be present, wholly neg-
" lected ; and the plaintiff avers that the said justice resided so far
" from the place of trial, aforesaid, that he could not have obtained the
" possession of said writ from the custody of said justice, in whose
" custody and possession it was, in season to have procured the con-

" tinuance of said last mentioned suit by another justice of the peace,
" whereby, and by reason of which, said action, last aforesaid, was
" defeated and avoided.

" And the plaintiff further says that afterwards, and within one
" year next after the determination of the suit first aforesaid, as
" aforesaid, and on the 25th day of May, aforesaid, he, the said
" plaintiff, sued out the writ in this action, which said writ was ante-
" dated the 30th day of April, aforesaid, and declares upon the same
" judgment, aforesaid, and this action is for the same cause of action
" upon which the two suits, first aforesaid, were brought and founded,
" and this the said plaintiff is ready to verify; wherefore he prays
" judgment, and his debt, aforesaid, together with his damages, by
" him sustained on occasion of the detention thereof, to be adjudged
" to him, and for his costs.

*P. Perrin*, for the defendant.

*Hutchinson* and *J. W. Rowell*, for the plaintiff.

The opinion of the court was delivered by

PIERPOINT, CH. J.    This is an action of debt on judgment.

The defendant pleads:

1st.    *Nul tiel record.*

2d.    That the cause of action did not accrue within eight
years, etc.

3d.    That the action was not brought within eight years after the
rendition of the judgment declared upon.

Upon the first plea no question arises.

To the second and third pleas the plaintiff replied; and to the
replication the defendant put in a general demurrer, and the question
is as to the sufficiency of the replication.

In chapter 63 of the General Statutes, relating to the limitation of
actions, section 11, it is provided that all actions of debt on judgment
shall be brought within eight years next after the rendition of such
judgment.    In the 17th section it is provided that, " if in any action
duly commenced within the time in this chapter limited and allowed
therefor, the writ shall fail of a sufficient service or return, by any
unavoidable accident, or by any default or neglect of the officer to
whom it may be committed, or if the writ shall be abated, or the

action otherwise defeated or avoided, by the death of any party thereto, or for any matter of form," etc., " the plaintiff may commence a new action for the same cause at any time within one year after the abatement, or such other determination of the original suit," etc.

The plaintiff in his replication alleges that within eight years next after the rendition of the judgment declared upon, he duly commenced an action on said judgment, before a justice of the peace, but that he failed to obtain a judgment against the defendant in such action, in consequence of the neglect of the magistrate, before whom the suit was brought, to attend, with the writ, at the time and place of trial, and without any fault or neglect on the part of the plaintiff, and that this action was brought within one year after such determination of the former suit.

The defendant has raised several questions as to the form in which the alleged facts are set out in the replication. If these objections had been presented by a special demurrer they might have merited a different consideration, but they are of such a character that it is clear that advantage cannot be taken of them upon a general demurrer.

It is further claimed by the defendant that although the replication professes to answer both the second and the third pleas, it does not, in fact, answer the second plea, for the reason that it does not allege that the cause of action did accrue within eight years, etc.

If this objection is well taken it applies with equal force as to both pleas, for it is not alleged in the replication either that the cause of action accrued within eight years, or that the action was brought within eight years after the cause of action did accrue. But it was not the object of the pleader by his replication to take issue upon either of these points, but to confess their truth, and then, by presenting the new matter set forth therein, to bring the case within the provisions of the 17th section of the statute above referred to, and thus avoid the legal effect of both. Hence, if the matter alleged is sufficient to bring the case within the provisions of that section, it operates as a full answer to both pleas. The question then arises, are the facts alleged sufficient for that purpose ?

The plaintiff sets forth in his replication that within eight years from the time the judgment declared upon was rendered he commenced a suit thereon against the defendant, and caused the writ to be duly and legally served upon him, and returned to the magistrate signing the same in due season, but that in consequence of the neglect of the magistrate to appear at the time and place of trial with said writ, and without any fault on the plaintiff's part, he was prevented from bringing his case to trial, of obtaining a judgment therein, or of having another magistrate continue the case for trial at a future day, so that his suit came to an untimely end, and that he commenced the present suit within one year thereafter.

The defendant insists that the failure of the suit for the cause alleged does not bring the case within the provisions of the statute. In *Phelps & Bell* v. *Wood,* 9 Vt. 399, a question depending upon facts almost precisely like the present came before the court, under a provision of the statute, that was somewhat different in its phraseology, but in its substantial features and objects the same as that now in force. In that case the first suit failed in consequence of the neglect of the magistrate to appear at the time and place of trial. Judge REDFIELD, in his opinion, admits that the case does not come within the terms of the statute, yet he says, "it is evident this exception or proviso of the statute was intended to reach all those cases where a suit was brought, and the merits of the action failed to be tried, without the fault of the plaintiff, and the period of limitations had become complete during the pendency of the suit. So that the present suit is clearly within the *equity* of the proviso, although not strictly within its terms. It may be said too, that should a suit be abated without a plea, but on motion, as may sometimes be done, the case would not come within the exception. The same is true when the plaintiff is compelled by some error in pleading, variance, or otherwise to become nonsuit without his own fault. And no doubt these cases and many others, not coming within the terms of the proviso, would still be held to come within its equity."

The statute of Massachusetts, which, on this subject, is identical with our present statute, has received the same liberal construction by the courts of that state. In *Coffin* v. *Cottle,* 16 Pick. 386, Ch.

J. SHAW says the statute is meant to declare that, "where the plaintiff has been defeated by some matter not affecting the merits, some defect or informality which he can remedy or avoid by a new process, the statute shall not prevent him from so doing, provided he follows it promptly by a suit within the year." The same doctrine is recognized in *Wood* v. *Houghton*, 1 Gray, 580.

The statute is a remedial one, and should be liberally construed in favor of the object sought to be accomplished by it, and that object is to give the party the right to maintain a new suit, when, without his fault, the first, which was brought before his claim was barred by the lapse of time, has failed before he could bring it to trial upon its merits. In this case, if the officer who served the writ had neglected to return it to the magistrate, that would have been within the terms of the statute. The neglect of the magistrate to appear with it at the place of trial is of the same character, and although not within the strict letter of the statute, yet is so clearly within the spirit, equity, and object of the statute, that we think it must be regarded as fairly embraced within it.

Judgment of the county court is affirmed.