ORIN POLAND *v.* THE GRAND TRUNK RAIL ROAD COMPANY.

## Statute of Limitations.

To the plea of the statute of limitations, the plaintiff replied that he brought suit against the defendant for the same cause of action, and that on trial the court held that his proof did not sustain his declaration, and directed a verdict for the defendant, under a rule that the plaintiff have leave to except, and that if the supreme court found no error in the judgment of the county court, the judgment should be reversed *pro forma*, and the cause remanded, with leave to the plaintiff to amend his declaration on payment of costs to the time of amendment; that the plaintiff carried the case up on exceptions, and the supreme court found no error in the judgment, but reversed the same under said rule, and remanded the cause, with leave to the plaintiff to amend; that at the second term of the county court after said cause was remanded, the plaintiff became nonsuit by order of court, and brought this suit within one year after the reversal of judgment and entry of nonsuit. *Held*, bad on general demurrer.

CASE for injury received by the plaintiff while in the defendant's employment, by reason of a defective engine used by the defendant. Pleas, the general issue and statute of limitations. The plaintiff replied to the plea of the statute, that on the 1st day of February, 1867, he commenced suit against the defendant for the

same cause of action, returnable to the then next March term of
Essex county court, at which term the same was entered and con-
tinued to the September term, when, on trial by jury, after the
plaintiff had rested, the court held that the plaintiff's evidence
did not sustain the declaration as drawn, and ordered a verdict
for the defendant, under a rule that the plaintiff have leave to
except, and the cause pass to the supreme court, and if that court
found no error in the judgment of the county court, the judgment
should be reversed *pro forma,* and the cause remanded, with
leave to the plaintiff to amend, and try the case on all questions
then open, on payment of costs to the time of amendment; that
the plaintiff filed exceptions and carried the case to the supreme
court, where no error was found, in the judgment of the county
court, and the case, under said rule, was remanded to the county
court, with leave to the plaintiff to amend his declaration; that
at the second term of the county court after said cause was
remanded, the plaintiff became nonsuit by order of court, and
commenced this action within one year from the reversal of judg-
ment and entry of nonsuit.   General demurrer to the replication,
and joinder.

The court, at the December term, 1873, Ross, J., presiding,
sustained the demurrer and adjudged the replication insufficient,
and rendered judgment for the defendant to recover its costs.
Exceptions by the plaintiff.

*George W. Cahoon,* for the plaintiff.

The replication is sufficient.   Gen. Sts. 444, § 17;  *Phelps &
Bell* v. *Wood,* 9 Vt. 399;  *Spear et al.* v. *Newell,* 13 Vt. 288;
*Spear* v. *Curtis,* 40 Vt. 59;  16 Pick. 383;  1 Gray, 580;  Mass.
Dig. 458;  *Isaacs* v. *Price,* 2 Dill. C. C. 347;  *Leffin* v. *Leabo,* 52
Mo. 49;  4 U. S. Dig. N. s. 442, §§ 112, 115;  *Taft & Co.* v. *Dag-
gett,* 6 R. I. 271.

The amendment allowed to be made was granting the right to
make a new writ.   Plaintiff was allowed to amend, as was found
necessary by the supreme court in order to recover.   Is it not
quite clear, if the amendment was not made, that the case must go
out of court for want of form?   Why does it not bring the case

clearly within the statute? The court said the plaintiff must amend his writ or he could not recover. The terms stated, all costs or nonsuit. By nonsuit the defendant had judgment for his costs, putting it in the same situation as it would have been if the writ had been amended; and as we claim, also leaving plaintiff in the same situation as he was when he went out of court, with the right to bring a new action within one year before it was barred by the statute, his former suit having failed of trial on its merits. In New Hampshire it has been held that the statute stops running when the writ is filled. *Society to Prop. Gospel* v. *Whitcomb*, 2 N. H. 227; Morrison's Dig. 460, § 4.

*Geo. N. Dale* and *Ossian Ray*, for the defendant.

The replication does not state a case coming within any of the exceptions to the statute. The inference is that the plaintiff became nonsuit from choice, to change the venue. If so, the statute is not prolonged thereby. *Null* v. *White Water Valley Canal Co.*, 4 Ind. 431. Another inference may be that the suit was brought in the wrong county, which would not avail the plaintiff here. *Donnell* v. *Gatchell*, 38 Me. 217. No presumption favorable to the plaintiff can arise under the rules of pleading. Steph. Pl. 378. The replication does not bring the case within the case of *Spear* v. *Curtis*, 40 Vt. 59. It was there held that the defeat must be without fault of the plaintiff. This replication does not show that the plaintiff paid the costs under the rule; nor does it appear but that the nonsuit was ordered for the non-payment thereof. The doctrine of *Hayes* v. *Stewart & Tr.* 23 Vt. 622, is the universal doctrine. *Swan* v. *Littlefield*, 6 Cush. 417.

Another view of the case is, that if the former case had remained in court, and the plaintiff had filed his new declaration as late as the time when he brought the second suit, the statute then would have run. The case shows that the whole case before the court at the time of the jury trial, was determined in favor of the defendants; so that, what was embraced in the new suit, or what would have been in the amendment if plaintiff had availed himself of it, was substantially new matter, without which the plaintiff could not recover in any event. Therefore the

plaintiff cannot be said to have been pursuing this latter claim, in any sense, within the six years. In *Roe* v. *Doe*, 30 Ga. 873, it was held that where a plaintiff in ejectment amended his declaration by inserting a new demise, the action upon such demise must be regarded as commencing when the amendment was made, and not at the commencement of the suit. So of an amendment adding another party. So where an action for the same cause was brought, and being misconceived, a new action was brought. *Sherman* v. *Barnes*, 8 Conn. 138.

The opinion of the court was delivered by

BARRETT, J. The replication shows that in the former suit the judgment was reversed, *pro forma*, under the rule made in the county court, and the cause was remanded for trial, with leave to the plaintiff to amend his declaration; also, that after the evidence in support of said action was all in, the court decided as matter of law that it did not support the declaration, and thereupon directed a verdict for the defendant. It further shows that in the second term of the county court after said cause was remanded and entered in it, the suit was nonsuited by order of the court; but it does not state for what cause the nonsuit was ordered. Yet, as it fails to aver compliance with the order as to terms of amendment, or that any amendment was made or offered to be made under the leave granted, it is to be assumed that the nonsuit was ordered for failure to amend on the prescribed terms. Upon this posture of the case, the plaintiff claims that it is within the provision of the statute giving a year, as against the statute of limitations, for the bringing of a new suit on the same subject-matter that the former suit was brought for. It is conceded that it is not within the terms, but is claimed that it is within the *equity*, of that provision of the statute; and this, for the reason that the former action failed on the ground of *variance*, and, therefore, failed for matter of form.

Two things are to be said in regard to this: first, the replication does not show by averment or intendment, that the *variance* was of such a character as entitles it to be regarded as " matter of form " in the legitimate sense of that expression. It is pre-

sumable that the cause of action set forth in the former suit, was ample to ground a recovery, if established by the evidence. It is consistent with the replication to assume that the failure to support the action by evidence, resulted from having made by averment some fact material as the ·subject of proof, which was not necessary to a valid cause of action in said suit; so that, while that declaration was ample for form and substance, it contained an averment that need not have been there in order to show a cause and right of action; but, being there, was material to be proved in order to warrant a verdict and judgment for the plaintiff. That would not be a defect in matter of form in the declaration; and a failure to maintain it by evidence is not a *variance* as to "matter of form." It would be a failure to prove matter of substance, as the declaration was drawn. If it was not thus matter of substance, of course the court would not have adjudged such failure of evidence as warranting the ordering of a verdict for the defendant. Such a cause is not a known mode by which a defendant is enabled to avail himself of what, as matter of form, would be proper matter for a plea in abatement, or a special demurrer. The second thing to be said is, that the replication leaves it to be inferred that the plaintiff was nonsuited voluntarily, and because he chose to be. It certainly is not shown that he was compelled to be for failure in matter of either form or substance in his former declaration; for he was in court upon it, with leave to make it just what he wanted it, and on terms agreed, on which he had gone to the supreme court, and had got back into the county court, under a rule giving him every advantage of a satisfactory declaration, except that he must pay, according to his agreement, for his experimenting with a declaration that he was unable to maintain by evidence. It is hence to be remarked that it does not appear from the replication, by averment or otherwise, that the going out of court by nonsuit was not through the fault of the defendant. It is not, as it could not well be, denied that the replication must show all that is necessary in order to bring the case within the provision of the statute relied on, if the plaintiff would have the benefit of that provision.

Now it is to be noticed that the case of *Phelps et al.* v. *Wood,*

9 Vt. 399, and of *Spear* v. *Curtis*, 40 Vt. 59, turned on the fact, affirmatively appearing, that the failure of the former suit was without the fault and beyond the control of the parties. When one invokes the interposition of a beneficent statute that does not embrace his case in its terms, and can only be made to reach it in virtue of its *equity*, it is clearly needful that he should have a case in which affirmative equity requires the operation of the statute to be extended beyond its terms; and such case must preclude the idea that the exigency for such extension resulted in any part from the fault of the party asking for it. The present is not such a case. On the contrary, it is not to be distinguished, so far as the controlling principle is concerned, from the case in the 23 Vt. 622, in which the plaintiff failed through poverty to get bail as ordered by the court, and so went out of court on nonsuit. This is a stronger case than that against the plaintiff; for in this he was in no such strait, but he let the case go out as matter of choice, and not from any necessity. Under these views there is no occasion to give special consideration to the cases cited in the Mass. Reports. They do not go further than the cases in this state in giving scope to the equity of the statute.

Judgment affirmed.