DEXTER C. KENT *v.* H. J. BATCHELDER ET AL.

Special Term at Brattleboro, February, 1915.

Present: MUNSON, C. J., WATSON, HASELTON, POWERS, AND TAYLOR, JJ.

Opinion filed February 27, 1915.

*Statute of Limitations—Defences—P. S. 1566—Construction—*
*"Matter of Form"—Abatement of Former Action.*

P. S. 1566, providing that if an action commenced within the time limited in the chapter is abated or otherwise defeated by the death of a party, "or for matter of form, * * * * the plaintiff may commence a new action for the same cause within one year", does not apply to a cause that was before disposed of on its merits, and where plaintiff entered as claimant in a trustee suit that was heard on its merits, resulting in a judgment against him for want of evidence sufficient to support the statement of his claim, as that was a judgment on the merits and not within the statute so as to allow plaintiff to maintain a suit on his claim, otherwise outlawed, against the principal debtor within one year from the rendition of that judgment.

A defeat because of a variance between the allegations and the proof, or a failure to support the action by evidence because of an averment that makes some fact material which would otherwise be immaterial, is not a defeat for "matter of form", within the meaning of P. S. 1566.

GENERAL ASSUMPSIT. Among other pleas not here involved, the defendant pleaded the Statute of Limitations. Replication of the matter recited in the opinion. Heard on demurrer to the replication, at the April Term, 1914, Windham County, *Stanton,* J., presiding. Demurrer overruled and replication adjudged sufficient, to which the defendants excepted. The opinion states the case.

*Chase & Chase* for the defendants.

*Barber & Barber* for the plaintiff.

TAYLOR, J.   The action is general assumpsit to recover a balance claimed to be due for services.   The defendants pleaded the Statute of Limitations.   The plaintiff replied, in avoidance of the bar of the statute, in substance, that at the April Term, 1910, of Windham county court an action was brought by E. S. Hill against Leslie Stratton, one of these defendants, and Holden and Martin, trustees; that he duly appeared therein for the purpose of making claim to the funds in the hands of the trustees and was thereupon made a party in said cause; that the cause was referred to a commissioner who, after full hearing and consideration of plaintiff's claim, reported to said court at the September Term, 1913, that the plaintiff had failed to establish his title and claim to the funds in the hands of the trustees in that there was not a duly executed and accepted order, as alleged by him; that his claim in this cause accrued within six years next before the commencement of the action of *Hill* v. *Stratton and Trustees;* that plaintiff could have proceeded in an action of assumpsit upon said claim but preferred to file his claim against the funds in the hands of the trustees; that he misconceived his remedy and his claim has never been heard and determined upon its merits; and further that he brings this action within one year after the determination of the suit in which he entered as claimant, in accordance with the provisions of P. S. 1566.

The defendants demurred to the replication, assigning several grounds of demurrer which can be summarized as follows:   (1)   Because the cause of action mentioned in the replication is not the same cause of action as that set forth in the declaration;   (2) because the pending action is not between the same parties.;   (3) because the plaintiff's claim in the former action was decided on its merits and did not fail for any of the causes mentioned in P. S. 1566.   The demurrer was overruled, to which the defendants excepted, and the cause was passed to this Court before trial.

So far as material to this inquiry P. S. 1566 provides: "If, in an action commenced within the time limited in this chapter, the writ * * * is abated, or the action otherwise defeated or avoided by the death of a party thereto, or for matters of form, * * * the plaintiff may commence a new action for the same cause within one year after such determination of the original suit," etc.

The claim of the plaintiff is that by entering as claimant in the trustee suit he commenced an action within the meaning of this statute. He argues that in the termination of that suit he, "in effect, became non-suited, or his action was abated or otherwise defeated by judgment of the court and without any fault on his part." He does not claim that this case comes within the express terms of the statute; but insists that it is within the equity of its provisions. The statute, so far as the provisions here under consideration, has no relation to a cause which has been determined on its merits. *Spear* v. *Curtis,* 40 Vt. 59. The plaintiff recognizes this fact by insisting that he was deprived of a hearing on the merits of his claim in the trustee suit without fault on his part.

Without considering the question presented by the other grounds of the demurrer, it is enough to say that the replication is clearly insufficient on the last ground assigned. The plaintiff's claim in the trustee suit did not fail for any cause ·contemplated in the statute under consideration. There is no allegation that any question as to matters of form was raised in the original suit. On the contrary, the facts alleged disclose that the plaintiff's claim was heard on its merits and that judgment went against him for want of evidence to support the statement of his claim. If he was defeated because of a variance between his allegations and proof, the fact is not alleged with sufficient certainty; but if alleged, it would not avail the plaintiff. Failure in the form of the proof is not the "matter of form" contemplated by the statute. While this Court intimated in *Spear* v. *Curtis, supra,* that, when the plaintiff is compelled by variance to become nonsuit without his own fault, a subsequent suit for the same cause of action is within the equity of the proviso, it was held in *Poland* v. *Grand Trunk Railroad Co.,* 47 Vt. 73, that, if the failure to support the action by evidence resulted from having by averment made some fact material as the subject of proof which was not necessary to a valid cause of action, it was not a variance as to matter of form but would be a failure to prove matter of substance, as the declaration was drawn. The demurrer to the replication should have been sustained.

*Judgment reversed, demurrer sustained, replication adjudged insufficient and cause remanded.*