ERNEST CLOUTIER *v.* RALPH DEVEREAUX ET AL.

October Term, 1926.

Present:    WATSON, C. J., POWERS, SLACK, and FISH, JJ., and MOULTON, Supr. J.

Opinion filed February 2, 1927.

*Judgment—Necessity of Compliance with Court Rules Relating to Time of Taking Decree—Pleading—Effect of Answer Neither Admitting nor Denying Allegation—Effect of General Denial in Chancery Answer—Construction of Answer in Supreme Court on Claimed Insufficiency—General Replication as Waiver of Insufficiency of Form of Answer— Method of Securing Rectification of Defects in Answer— Sales—Chattel Mortgages—Sufficiency of Evidence To*

*Show License To Sell Mortgaged Property—Waiver—Effect on Buyer of Mortgagor's Failure To Comply with Condition on Which License for Sale of Mortgaged Property Was Given—Failure of Consideration—Fraud.*

1. Where plaintiff did not file motion for decree against defendant because of nonappearance, for more than six months after entitled thereto, he was not thereafter entitled to decree until he had complied with requirements of rule 35, paragraph 2, of court of chancery, by taking and serving order on defendant, if in State, to file answer within such short day as chancellor might appoint.

2. Answer, in so far as it did not admit or deny certain allegations, was insufficient, being in effect a refusal to answer at all.

3. Where bill charges a fact to be within knowledge of defendant, or which may fairly be presumed so, if answer is silent as to such fact, it will be taken as admitted.

4. General denial of defendant in last paragraph of answer to effect that all matters in bill not theretofore answered, denied, or admitted, were then denied, while not good pleading when excepted to, *held* to apply to certain allegations in bill as to which answer stated that defendant neither admitted nor denied them, when no exception was taken to answer, and to stand as a denial of them.

5. On appeal from decree in favor of defendant, on claimed insufficiency of answer with respect to denial of allegation of bill, Supreme Court will construe answer favorably to defendant to support decree.

6. Filing by plaintiff of general replication, *held* to have waived any insufficiency in form of certain denials in answer, and to have resulted in joining issue on such allegations.

7. For purpose of having defects in an answer supplied, remedy is by taking exceptions and in obtaining, in a proper mode, a further answer.

8. In proceeding by buyer of automobile for rescission of contract of purchase as without consideration and fraudulent by reason of an undisclosed chattel mortgage, evidence *held* to sustain finding that mortgagee understood that mortgagor was making sale and consented thereto and to show an unconditional license to sell automobile and operated as waiver of security, so far as purchaser was concerned.

9. Although license given by mortgagee to mortgagor to sell mortgaged automobile was upon condition that mortgagor should pay mortgagee difference between price paid by buyer for automobile and amount of mortgage note held by mortgagee, *held* that buyer obtained good title to automobile whether mortgagor fulfilled condition imposed or not.

10. Where by reason of mortgagee having consented to sale, buyer acquired full title to automobile on its purchase, there was no failure of consideration and no fraud by reason of failure of mortgagor to disclose mortgage.

APPEAL IN CHANCERY. Heard on bill, answer of defendant Devereaux, replication, and facts found by chancellor, after September Term, 1925, Orleans County, *Graham*, Chancellor. From decree of chancellor refusing to order rescission of contract and dismissing bill, the plaintiff appeals. The opinion states the case. *Affirmed and remanded.*

*W. W. Reirden* for the plaintiff.

*E. J. Smith* and *H. S. Pierce* for the defendant Devereaux.

FISH, J. The appeal of the plaintiff brings up the question of whether the chancellor erred in refusing to order a rescission of a contract for the sale of an automobile for fraud.

The facts, as they appear by the findings of the chancellor, so far as here involved, are as follows:

On June 30, 1923, the defendant Devereaux sold and delivered to the plaintiff the automobile in question for the sum of $400, taking in payment therefor the plaintiff's conditional note for the amount of the purchase price with provision that the property was to be and remain Devereaux's and subject to his control at all times until the note should be paid. At the time of the sale there was a mortgage on the automobile in the sum of $398 to Ray P. Webster, who is the other defendant in the suit. Before making the sale to the plaintiff Devereaux consulted Webster, telling him he had a chance to sell the car to the plaintiff, and the price he was to receive, and was advised that it would be a good sale if he could get the price proposed. Devereaux then asked Webster if he would take from him the plaintiff's note and deliver up the note held by Webster, and the

latter said he would if Devereaux would pay the difference. From the conversation then had Webster understood that Devereaux was to make the sale to the plaintiff and was willing that he should and so gave Devereaux to understand, and Devereaux made the sale to the plaintiff acting on that understanding.

The plaintiff had no notice of the mortgage to Webster at the time of the sale of the automobile, but about one month thereafter Webster told the plaintiff's sons of the fact, and about six weeks thereafter told his wife. He never interfered with the plaintiff's title or possession of the automobile nor threatened so to do, nor asked the plaintiff to pay anything on the claim. The plaintiff kept the automobile and operated it, without offer to rescind, for a period of about five months after he knew of the existence of the prior mortgage. Then he offered to return the automobile and demanded the surrender of the note, which the defendant Devereaux refused.

Thereafter, on May 16, 1924, the plaintiff brought this bill for the cancellation of his note and for an order to return the automobile on the ground that the sale was without consideration and the acts and representations of the defendant Devereaux false and fraudulent; and he asked to be placed in *statu quo*.

The defendant Devereaux answered, by leave of the chancellor, January 14, 1925. The defendant Webster did not answer nor enter an appearance. At the time the defendant Devereaux filed his answer he had paid the prior indebtedness on the automobile and the mortgage had been discharged. These facts were set up in the answer and found by the chancellor.

The chancellor found that the plaintiff did not make the offer to rescind within a reasonable time and entered a decree in favor of both the defendants, denying a motion to have the bill taken as confessed as against the defendant Webster, and dissolving the temporary injunction against the defendant Devereaux restraining him from disposing of or collecting the $400 note and dismissing the bill as to him with costs.

[1]   One of the exceptions saved by the plaintiff was to the failure of the chancellor to grant a decree against the defendant Webster because of his failure to enter an appearance or file an answer. Plaintiff's motion in this regard was filed October 27, 1925, more than six months after he was entitled to a decree. Rule 35 of the court of chancery, paragraph 2, pro-

vides that when the plaintiff omits to take a decree *pro confesso* within six months after the time when he is entitled to it, he shall not thereafter move such decree until he has taken and served an order on the defendant, if in the State, to file an answer within such short day as the chancellor may appoint. It does not appear that this rule was complied with, and the plaintiff was, therefore, not entitled to a decree against the defendant Webster by the rules.

Among other allegations in the bill were these: That on the sale and delivery of the automobile by Devereaux to the plaintiff there was a valid chattel mortgage thereon held by the defendant Webster which secured the note for $398, well known by Devereaux to be past due; that Webster took the note for $400 given by Cloutier to Devereaux for the automobile with full knowledge of the facts and circumstances connected with the sale thereof, and that Webster knew at the time of the sale that Devereaux was not the owner of the automobile, and that it was the legal property of Webster, and that the note in question had been obtained by reason of the false and fradulent representation made by Devereaux that he was the owner of the automobile, and that after discovering the fraud the plaintiff offered to return the automobile and requested the surrender of the note, which Devereaux refused. These allegations appeared in part in three different paragraphs in the bill and to each the reply of the defendant Devereaux was: "The defendant neither admits or denies the allegations set forth in paragraph (giving the number) of the bill of complaint." The plaintiff asked the chancellor to find the facts as set forth in the bill in the paragraphs in question on the ground that the answer admitted them, and because this was not done exceptions were saved to the findings as made and to the refusal to find as requested.

[2, 3]    The answer, in so far as it did not admit or deny the allegations in question, was insufficient. The rule is that where the bill charges a fact to be within the knowledge of the defendant, or which may fairly be presumed so, if the answer is silent as to the fact, it will be taken as admitted. 1 Dan. Ch. Pl. & Pr. (4th Am. ed.) 837, note 4; *Ross* v. *Shurtleff*, 55 Vt. 177, 182.

The allegations of the bill here in question are of the character referred to. Therefore the allegations in the answer that the defendant neither admits nor denies them has the same effect

that it would have in a common-law action; it is in effect a re-. fusal to answer at all (*Clement* v. *Graham,* 78 Vt. 290, 309, 63 Atl. 146, Ann. Cas. 1913E, 1208), and amounts to an admission. *People* v. *Crabb,* 156 Ill. 155, 165, 40 N. E. 319.

[4-6]   But the defendant Devereaux says that there was no error in the failure of the chancellor to find the facts claimed to be admitted by the pleadings for the reason, among others, that there was a general denial in the answer which covered the allegation of these facts.   The defendant stated in the last paragraph of his answer that as to all matters in the bill which he had not answered, denied, or admitted he then denied.   Such a general denial would not be good pleading if excepted to; but no exception was taken to it, so construing it in favor of the defendant, as we must to support the decree, it applies to the allegations in question and stands as a denial of them.   The plaintiff filed a general replication which waived any insufficiency in the form of the denial, and resulted in joining issue of such allegations.   Van Zile Eq. Pleading & Practice, § 239; Fletcher Eq. Pleading & Practice, p. 356; Cooper Eq. Pleading, 328; Story Eq. Pleading, § 877.

[7]   For the purpose of having defects in an answer supplied, the remedy is by taking exceptions and in obtaining, in a proper mode, a further answer.   *Blaisdell* v. *Stevens,* 16 Vt. 179; *Smythe* v. *Central Vt. Ry. Co.,* 88 Vt. 59, 90 Atl. 901; *Ladd* v. *Campbell,* 56 Vt. 529; *Barrett* v. *Twin City Power Co.* (C. C.), 111 Fed. 45.   This was not done in the instant case, and the plaintiff assumed that because certain allegations in the bill were neither admitted nor denied that they were taken as confessed, but the general denial, upon the filing of the replication, brought these allegations in issue.

[8, 9]   The plaintiff saved an exception, on the ground that it was unwarranted by the evidence, to the finding that "from the conversation then had Webster understood that Devereaux was to make the sale to the plaintiff and was willing that he should, and so gave Devereaux to understand, and Devereaux made the sale to the plaintiff, acting upon that understanding."

It appears from the transcript that on an occasion not long before the automobile was sold to the plaintiff, Devereaux and Webster had a conversation about its sale in which Devereaux told Webster that he had a chance to sell it.   Then the evidence. of Devereaux is: "He asked me who to and I told him, and

told him the price and asked his advice of selling it at that price and he said he thought it would be a good sale if I could sell it at that price." Then the question was asked Devereaux, "Is that all the talk you ever had with him?" To this he replied: "And then I asked him if I got a note from these people that he would take that note and take up the note that I owed him or the bank, the note that he had taken up for me (the $398 note) and he said that he would by my paying the difference." This evidence sustains the finding and it shows, morever, an unconditional license to sell the automobile, and it operates as a waiver of the security so far as the purchaser was concerned. *Rogers* v. *Whitney,* 91 Vt. 79, 82, 99 Atl. 419, and cases cited; *Reed* v. *Rowell,* 100 Vt. 41, 134 Atl. 641. And though such license was upon the condition that Devereaux should pay the difference between the price paid by the plaintiff for the automobile and the amount of the mortgage note held by Webster, the plaintiff got good title to the automobile whether Devereaux fulfilled the condition imposed by Webster or not. *Ufford* v. *Winchester,* 69 Vt. 542, 544, 38 Atl. 239; *Reed* v. *Rowell, supra.*

[10] The plaintiff having acquired full title to the automobile on its purchase, there was no failure of consideration and no fraud. Other exceptions were saved by the plaintiff, but these are unimportant in view of the ground of the decision.

*Decree affirmed with costs and cause remanded.*