LYDIA S. JOHNSON *v.* WELLS-LAMSON QUARRY CO.
and
SANFORD E. JOHNSON *v.* WELLS-LAMSON QUARRY CO.

November Term, 1930.

Present: POWERS, C. J., SLACK, MOULTON, WILLCOX, and THOMPSON, JJ.

Opinion filed January 7, 1931.

*John W. Gordon* for the plaintiff.

*J. Ward Carver* for the defendants.

POWERS, C. J.    These cases were tried together in the court below, and were heard together in this Court. They are tort actions for negligence. Lydia S. Johnson sues for personal injuries.    Sanford E. Johnson, her husband, sues for loss of services and other damages.

There was evidence that on October 26, 1927, Mrs. Johnson was driving along the highway leading from East Barre to Websterville.    She was in a horse-drawn lumber wagon and was accompanied by her 10-year old son.    Near this highway the defendant maintained and operated a stone-crushing plant, with which and the noises made by it when in operation both Mrs. Johnson and the horse were familiar.    Ordinarily, these noises would not frighten this or any gentle horse.    But when Mrs. Johnson was passing the crusher on the day in question, it made a loud and unusual noise and racket which frightened the horse and caused it to run away.    A short distance beyond the crusher

the defendant was laying some water pipes, and had dug ditches on both sides of the roadway, but not across it. In the progress of that work, dirt and stones had been thrown into the traveled part· of the road narrowing it up to a space of some 10 or 14 feet. An oil drum and a barrel had been placed on the opposite sides of this space, and as the runaway approached these obstructions Mrs. Johnson could not guide the horse between them, and the wagon hit one or both and she was thrown out and injured. The trial below resulted in verdicts for the defendant, on which judgments were entered. The plaintiffs excepted.

After the defendant had taken the case and while it was putting in its evidence, it offered to show that it had permission from the selectmen to lay its pipes in the highway, The plaintiffs objected on the ground that inasmuch as the selectmen could not authorize the creation of a nuisance or obstruction in the highway, their permission could not avail as a defense to the suits. The court suggested that the complaint was not so drawn as to charge the defendant with negligence in connection with laying its water pipes. In reply,· the plaintiffs took the position that the complaint was sufficient to support a recovery on account of the obstructions referred to. Thereupon, the court admitted the evidence, and the plaintiffs excepted. The plaintiffs did not ask for leave to amend their complaints, but proceeded with the trial. Later on, the court charged the jury to the effect that under their complaints the plaintiffs could not rely upon the obstructions in the highway as a basis of recovery. To this the plaintiffs excepted.

There is only one count in the complaint. As a pleading it is to be construed against the pleader, and as a part of the record it is to be construed so as to sustain the charge if this can reasonably be done. This results from the general rule that every reasonable presumption is in favor of the ruling below, and that this Court will always indulge every presumption in favor of such ruling that is not positively inconsistent with the record. *Parizo* v. *Wilson*, 101 Vt. 514, 524, 144 Atl. 856. Thus, we read the evidence so as to support a finding, if this can reasonably be done. *People's National Bank* v. *Brunelle*, 101 Vt. 42, 46, 140 Atl. 160. We read the findings so as to support the judgment, on the same condition. *Scott* v. *St. Johnsbury Academy*, 86 Vt. 172, 174, 84 Atl. 567. We construe an answer in chancery in a way to support the decree, under the

same circumstances. *Cloutier* v. *Devereaux,* 100 Vt. 187, 192, 136 Atl. 28. And we interpret an ambiguous declaration so as to support a verdict. *Lawson* v. *Crane,* 83 Vt. 115, 117, 74 Atl. 641.

We have no hesitation in saying that this complaint was reasonably susceptible of the construction that the court below put upon it. Indeed, counsel for the plaintiffs seems to have had that idea of it when he made his opening statement to the jury. For he said nothing that would fairly indicate that he relied upon anything as a basis of recovery other than the negligence in the operation of the crusher. The complaint charged the unusual noise above referred to as the negligence relied upon. "That the horse," says the pleader, "being frightened as aforesaid through the negligence of the defendant could not be managed so as to run between the barrels, drum and piles of dirt. * * * *." It may be that the complaint would have borne the interpretation contended for by the plaintiffs. But that does not put the court in error. It was reasonably construed by the court, and that is enough to sustain the ruling.

The exception to the admission of the evidence above referred to raises the same question and does not require separate treatment.

The other exceptions briefed raise questions rendered immaterial by the verdict and are unavailing. *Parizo* v. *Wilson,* 101 Vt. 514, 515, 144 Atl. 856.

*Judgments affirmed.*

### ON MOTION TO REMAND.

POWERS, C. J. When the foregoing opinion was handed down, the plaintiff filed a motion that the entry be stricken off and the cause be remanded that she might amend her declaration and proceed to trial on the charge that the defendant was negligent in obstructing. the highway in the manner indicated in the opinion. This motion was supported by the affidavit of counsel, and, so far as it merits special consideration, was based upon the ground that the court below "ruled that the declaration would cover any negligence the jury might find by the defendant's placing obstructions in the highway"; and that the plaintiff understood, until the charge was given, that the court would submit that issue to the jury.

For present purposes, we assume that these facts, if established, would entitle the plaintiff to the relief asked for. But the trouble is that these facts are not established. It is made to appear that there was a former trial of the case which resulted in a disagreement of the jury. At that trial, the court ruled, and so charged the jury, that the declaration was not sufficient to allow a recovery on the ground of the obstructions in the highway. So the plaintiff was then warned of the danger of going to trial the second time without amending the declaration. Nevertheless, if at the second trial the court misled the plaintiff by first ruling that recovery could be had under the declaration on account of the obstructions, and then, in effect, reversed itself by the instruction given, the motion in hand might have merit. An examination of the transcript discloses that this application is predicated upon a complete misapprehension of the facts. We are referred to pages 141 and 247, alone. It there appears that the sufficiency of the declaration in the respect specified was not, in any way whatever, mentioned or referred to. The court made no ruling whatever on that point. The facts set up in the motion are utterly refuted by the record. This being so, the motion is shorn of its appeal.

*Motion denied. Let full entry go down.*