LYDIA S. JOHNSON *v.* WELLS-LAMSON QUARRY CO., INC.

May Term, 1931.

Present: POWERS, C. J., SLACK, MOULTON, and THOMPSON, JJ.

Opinion field October 6, 1931.

476

*John W. Gordon* for the plaintiff.

*J. Ward Carver* for the defendant.

SLACK, J.   The plaintiff is seeking damages for personal injuries alleged to have resulted from the defendant's negligence. She received such injuries October 26, 1927.   She seasonably brought suit therefor returnable to the Washington county court.   In that case the defendant had a verdict and judgment in the lower court, and the judgment was affirmed by this Court at the November Term, 1930 (103 Vt. 178, 153 Atl. 208).   The present suit was commenced January 20, 1931.   The declaration alleges the true date on which plaintiff was injured, but alleges no facts that toll the statute of limitations fixed by G. L. 1850. The defendant filed a motion to dismiss on the ground that it appears on the face of the record that plaintiff's right of action, if she had one, is barred by the statute of limitations.   The motion was sustained, and the suit dismissed.

The first question for consideration is whether the statute of limitations can be taken advantage of by this kind of a motion.   This must be answered in the negative.   Not a single case has been found in this, or any other jurisdiction, that recognizes such procedure.   In some states the question may be raised by demurrer where it affirmatively appears from the allegations of the declaration that the statute has run.   But at

common law, which governs our procedure in this respect, the statute of limitations, in actions at law, can be taken advantage of only by answer or plea, even when the declaration shows on its face that the statutory period has expired. *Wall* v. *C. & O. R. R. Co.*, 200 Ill. 66, 65 N. E. 632; *Russell* v. *Garrett*, 204 Ala. 98, 85 So. 420; *Miller* v. *Aldrich*, 202 Mass. 109, 88 N. E. 441, 132 A. S. R. 480; *Humphrey* v. *Carpenter*, 39 Minn. 115, 39 N. W. 67; *Callan* v. *Bodine*, 81 N. J. Law, 240, 79 Atl. 1057; *Punta Gorda Bank* v. *Ft. Meade State Bank*, 52 Fla. 408, 42 So. 846; *Vyse* v. *Richards*, 208 Mich. 383, 175 N. W. 392; 13 Enc. Pl. & Pr., 200; 1 Chitty's Pl., 496. The reason for this is stated thus in *Wall* v. *C. & O. R. R. Co.*, *supra*, "The defendant cannot demur to a declaration even where it appears on its face that the limitation prescribed by the statute has expired, because the plaintiff would thus be deprived of the opportunity of re-plying and pleading any matter which would prevent the bar from attaching." So in the instant case, if the defendant could avail itself of the statute of limitations under this motion the plaintiff would be deprived of the opportunity of pleading an-other statute which, if applicable, entitles her to maintain this suit. This statute is G. L. 1866, and it provides: "If, in an action commenced within the time limited in this chapter (G. L. chap. 95), the writ * * * is abated, or the action otherwise de-feated or avoided by the death of a party thereto, or for matter of form, * * * the plaintiff may commence a new action for the same cause within one year after such determination of the original action," etc. There are many other exceptions to the general provisions of the statute fixing the time within which different actions must be brought. See G. L. 1859 *et seq.* If the statute of limitations can be interposed as a defense by a motion to dismiss, or by demurrer, a plaintiff in order to avail himself of any of these exceptions must anticipate the defense, and embody in his declaration the exception relied upon. Such is not, nor has it ever been, the practice in this State. The proper procedure is that adopted in *Carpenter* v. *McClure*, 40 Vt. 108. Nor was this changed by the Practice Act (G. L. 1789 *et seq.*).

It follows that the judgment would have to be reversed had not the parties, induced by plaintiff's answer to the defend-ant's motion, brought into the record by their subsequent plead-ings the precise question upon which her right to maintain this

suit depends, namely, whether the nature and disposition of the former suit was such as to enable her to maintain the present one by virtue of the provisions of G. L. 1866. Since this question has been fully presented, although in a manner that would not ordinarily be recognized, and since the rights of the parties ought to be determined without further expense or delay, we deem it advisable to consider it.

If this suit can be maintained, it is because the former one failed *for matter of form*, since this is the only exception provided by G. L. 1866 applicable to the situation presented.

It appears from the declaration both in this and in the former suit that the defendant had dug ditches within the limits of the highway and in so doing had thrown dirt and other material into the traveled portion thereof, and had placed a barrel or drum on either side of such highway so near together that the space available for travel was narrow; that on the day of the accident the defendant was operating a stone crusher near the highway and a short distance from where such ditches and barriers were located; that the horse which plaintiff was driving, hitched to a lumber wagon, became frightened at the noise made by such crusher and ran away; that the plaintiff was unable to guide him between the barrel or drum and the dirt and was thrown from the wagon and sustained the injuries complained of.

The negligence inferentially charged in the declaration in the former suit—it is not positively alleged—is limited to the operation of the crusher.

The declaration alleges that the crusher "suddenly made a great noise and racket" that frightened the plaintiff's horse causing it to run away, but does not allege that such noise and racket was due to defendant's negligence. It then alleges that "the horse being frightened as aforesaid through the negligence of the defendant could not be managed so to run between the barrel and dirt and caused the plaintiff to be thrown from the wagon," etc. And following the allegations respecting plaintiff's injuries, it alleges that such injuries were due solely to the negligence and fault of the defendant without fault or negligence on the part of the plaintiff." These are the only allegations of negligence to be found in the declaration. Since it contains no allegations of negligence respecting obstruction

of the highway, the language last quoted must be construed as referring to the noise and racket made by the crusher.

The present suit, which is to recover for the identical injuries declared for in the former one, is predicated upon the alleged negligence of the defendant in obstructing the highway.

The plaintiff claims that the former suit failed *for matter of form,* and consequently that this suit comes within the provisions of G. L. 1866.

Manifestly the plaintiff had but one cause of action. It arose from the negligent operation of the crusher, or the negligent obstruction of the highway, or both. She might have declared for both such acts in the first instance, or having declared upon but one she might have availed herself of the other by a proper amendment to her declaration. *Parker* v. *Bowen,* 98 Vt. 115, 126 Atl. 522, and cases cited.

But it by no means follows that because she might have amended her declaration in the former suit so as to have included the elements she now seeks the benefit of that she can maintain the present suit. While the fact that the cause of action is the same in this as in the former suit has a material bearing on the question before us, the decisive question is whether the former suit failed for matter of form within the meaning of the statute relied upon. In fact, it did not fail for matter of form, or for any other reason. True, it failed to determine the question the plaintiff now desires to litigate because such question was not there in issue; but all questions that were in issue were fully and finally determined by a judgment for the defendant, after a full trial on the merits.

A suit that has been tried on the merits, and the questions involved, whether of law or of fact, finally determined, cannot be said to have failed for matter of form simply because the plaintiff omits therein to rely on other facts which were available to him.

To permit a plaintiff to prosecute a suit based on certain alleged facts to final judgment on the merits, and if cast prosecute another suit for the same cause of action but predicated upon different facts would result in endless litigation.

It is a general rule of law, and a wise one, that the parties to a judgment are concluded thereby, not only upon all of the issues which were actually tried, but upon all issues which might have been tried; so that a new suit for the same cause of

action cannot be maintained or defended on grounds which might have been tried and determined in the former suit. *Bassett* v. *Conn. River Railroad,* 150 Mass. 178, 22 N. E. 890; *Foye* v. *Patch,* 132 Mass. 105, 110.

There can be no doubt but that the issue presented in the present suit could have been, and if the plaintiff cared to rely thereon should have been, raised and determined in the former suit.

■ We are satisfied that the former suit did not fail for matter of form in the sense in which that language is used in G. L. 1866. This conclusion is supported by *Kent* v. *Batchelder et al.,* 88 Vt. 563, 93 Atl. 264, and *Poland* v. *Grand Trunk Railroad Co.,* 47 Vt. 73. It follows that this suit is barred by the statute of limitations.

In the circumstances the plaintiff has no just reason to complain of the result reached. She had two jury trials in the former suit. In the first the jury disagreed. But the court held in that, as in the later, trial that the declaration was not sufficient to allow a recovery for the obstruction of the highway. She thus had timely notice of what was likely to happen if she proceeded under it in its then form, and had ample opportunity to amend it to include the facts relied upon in the present suit, or any others that did not present a different cause of action. She chose to take a second trial on the merits under the declaration as it then stood, and made no move to change it until after she got an adverse decision from this Court. She then moved to remand the case to enable her to amend the declaration to include the facts she now wants to try, but the motion was denied for the reasons stated in the opinion handed down in that case. See 103 Vt. 178, 153 Atl. 203.

*Judgment dismissing the action stricken off, and judgment for the defendant, which would be the regular entry if the main question had been raised in proper form.*