R. A. PERKINS v. O. F. CUMMINGS.

May Term, 1894.

*Interpretation of statutes. Record of justice. Duty to exhibit.*

1. In the interpretation of statutes words of common use must be taken in their ordinary sense, unless the contrary intention plainly appears, and courts cannot correct fancied mistakes or omissions upon the part of the legislature where the language is plain and unambiguous.

2.   The complaint of a prosecuting officer to a justice, the warrant of the justice issued thereon and his memoranda of the proceedings are not the "record" within R. L., s. 828, which it is made the duty of a justice to exhibit to a person interested.

3.   The records of justices discussed.

Petition for mandamus. Returnable to and heard at the May term, 1894, upon an agreed statement of facts. The opinion states the case.

*J. C. Jones* and *Dillingham, Huse & Howland* for the petitioner.

The files as well as the formal records of a justice are public property and subject to the public inspection. R. L., ss. 832, 828; *Story* v. *Kimball*, 6 Vt. 541; *Cowley* v. *Pulsifer*, 137 Mass. 392; *Schmedding* v. *May*, 85 Mich. 1; *Union Pac. Rd. Co.* v. *Hall & Morse*, 91 U. S. 427.

*Butler & Moloney* for the defendant.

It is only the "books of record" which are subject to inspection. R. L., s. 828; *Rockwood* v. *Davenport*, 57 Minn. 533.

The files and memoranda of a justice are not records and have none of the efficacy of a record. *Stumpfler* v. *Roberts*, 18 Pa. St. 283; 20 Enc. L., 491, 506; *Wilkins* v. *Anderson*, 11 Pa. St. 399; *Elsworth* v. *Leonard*, 21 Vt. 535; *Strong* v. *Bradley*, 13 Vt. 9; *Nye* v. *Kellam*, 18 Vt. 594; *Davidson* v. *Murphy*, 13 Conn. 213; *Hill* v. *Goodwin*, 56 N. H. 44.

ROWELL, J.   This is a complaint for a writ of mandamus, preferred and prosecuted by the complainant, as he claims to be interested in the matter of the complaint and the judgment sought.

The case is this:   The complainant is a resident and citi-

zen of the city of Rutland. The defendant is a justice of the peace for the county of Rutland and a resident of said city. A number of criminal prosecutions, instituted by a special prosecutor, have been tried and determined by the defendant as such justice, and he has had and still has in his possession the complaints in said cases and his warrants issued thereon, together with the memoranda of his proceedings therein. On May 4, 1894, the defendant, as such justice, publicly heard and determined three or four cases thus instituted. Later in the day the complainant went to the defendant's office and demanded permission to inspect the files and memoranda in said last-mentioned cases, which the defendant refused, whereupon the complainant offered to pay the defendant a reasonable fee for his time and services in exhibiting said files and memoranda, which the defendant declined and denied an inspection. The record in said cases had not then been made, but the memoranda and entries usually found on justices' files had been made and were at the defendant's office. The defendant offered to make and deliver to the complainant certified copies of the records in said cases on payment of the statutory fee, but the complainant declined the offer. The prayer is that a writ of mandamus may issue, commanding the defendant as such justice to exhibit to the complainant said files, records, and memoranda, that he may inspect the same and ascertain as to said complaints, warrants, and doings of the defendant teereon as such justice, and also to give the complainant the information contained in said complaints and warrants.

We have not found any statute prior to 1821 that made it the duty of justices to keep records of their judicial proceedings. It seems, however, to have been supposed that they would keep such records, for as early as 1787 it was provided that when a justice removed from the county he should deliver to the county clerk his files and records as a justice; and in case a justice died, his executor or adminis-

trator was required to make such delivery. St. 1787, p. 87. But in 1821 it was made the duty of every justice to make correct, true, and lawful records of all judgments by him rendered and of other official business by him done, required by law to be recorded, in a book to be by him kept for that purpose, which should be exposed for inspection on request of any person having an interest in such record; and a penalty was imposed for suffering a judgment to remain unrecorded for the space of six months after it was rendered, and a liability for damages to the party injured. Slade's Sts. p. 304, s. 6. In the revision of 1839 this provision was changed and put into this language:

"Every justice shall keep a record of his judicial proceedings both in civil and criminal cases, and his books of record shall at all times be subject to the inspection of any person interested in such record."

This is nearly the language of the present statute, except that the words, "in such record," are omitted. R. L. 828.

The complainant contends that the statute, rightly construed, includes the files and the memoranda of the justice as well as the records, and that therefore, being a citizen, he had a right to inspect the defendant's files and memoranda at the time in question.

But we do not think the statute will bear this construction. When words of common use are found in a statute, they are to be taken in their ordinary sense, unless a contrary intention clearly appears; and when a statute is plain and unambiguous, courts cannot supply supposed omissions nor correct supposed mistakes, but must administer it as the legislature has made it.

Now when we take the words, "books of record," in their ordinary sense, it is clear that they do not include the files and the entries thereon, which are but the material from which the record is to be made. The statute requires, in effect, that the record shall be made up with adequate full-

ness and written out on a book kept for that purpose, and originally this was to be done within six months, and now, within a reasonable time, we apprehend, and it is plainly this book to which the statute refers and which it subjects to inspection. It is no answer to say that in practice such a book is not usually kept by justices. It is enough to say that the statute requires such a book to be kept, and goes upon the ground that such a book will be kept. We quite agree with the complainant's counsel, that the greatest liberty of inspection should be accorded, consistent with public interest and the due administration of the law; but if the statute does not go far enough in this direction, the remedy is not with us, but with the legislature, where alone the matter is cognizable.

Whether the complainant, from what appears, has the requisite interest in this matter to enable him to maintain the complaint, we do not decide.

*Petition dismissed with costs.*

Thompson, J., being engaged in County Court, did not sit.