EMILY E. FULLER *vs.* WILLIAM H. VALIQUETTE.

. May Term, 1898.

Present: ROSS, C. J., TAFT, ROWELL, TYLER and START, JJ.

*Evidence—Collateral May Be Met by Collateral—Offer Necessary to Save Exception.*

A witness may testify to an occurrence, although unable to so fix the time as to make it material, provided there is other evidence tending to so fix the time.

To reserve an available exception to the exclusion of a question, an offer must be made stating what is proposed to be shown.

If one party introduces evidence of a collateral fact against the objection of the other, he cannot except to the admission of the same kind of evidence to rebut his own.

CASE, under V. S. 4507, for damages to the plaintiff from an injury received by her husband while intoxicated by liquor furnished by the defendant. Trial by jury at the September Term, 1897, Rutland County, *Munson*, J., presiding. Verdict and judgment for the defendant. The plaintiff excepted.

*H. W. Love* and *J. K. Batchelder*, for the plaintiff.

*Butler & Moloney* and *F. S. Platt*, for the defendant.

TAFT, J. Three questions of evidence are presented by the record.

(1) The testimony of the witness Bacon, to show that he . shaved Fuller one evening and that so far as he knew, he, Fuller, was all right, meaning that he was not intoxicated, was admitted under exception. The objection to it was "that it was not shown that he, Fuller, was there that night," that is, as we construe the objection, the night of the accident to Fuller. If the testimony did not relate to the night of the accident it was immaterial and should have been excluded. The witness could not state that he shaved Fuller

the night of the injury, but did testify that he shaved him but once which he thought was some time before the day on which the accident happened, but that when he did shave him, some one else, he thought, commenced the work and he, the witness, finished it.

Fuller had testified that he was shaved just before the accident, and that the proprietor of the shop began to shave him but turned him over "to some other lunk-head" to finish shaving him.

The testimony of the witness in connection with Fuller's testimony tended to show that it was the night of the accident that he shaved Fuller and that on that occasion Fuller was sober, which was one of the facts in issue. The testimony was legitimate.

(2) Max Valiquette gave material testimony for the defendant, and was inquired of on cross-examination if he had ever been brought up on a complaint for selling liquor at the defendant's hotel. The question was excluded. It does not appear what the answer of the witness would have been had he been permitted to answer the question. There was no offer to show the fact which his testimony would tend to prove. Therefore, there was no error, for we cannot presume the answer would have been favorable to the plaintiff. *Ainsworth* v. *Hutchins*, 52 Vt. 554; *Smith* v. *Ins. Co.*, 60 Vt. 682; *Roach* v. *Caldbeck*, 64 Vt. 593; *Carpenter* v. *Willey*, 65 Vt. 168; *Houston* v. *Brush*, 66 Vt. 331; *State* v. *Noakes*, 70 Vt. 247.

(3) The plaintiff's testimony tended to show that her husband had frequently been intoxicated previous and up to the time of the accident. The testimony of Peabody, Stearns, and Knox, in rebuttal, tended to show the contrary, that they had frequently and sometimes daily met him and that he was at all times sober. The testimony of the plaintiff that her husband was frequently intoxicated may not have been legitimate, as it was a collateral fact whether he had during the year prior to the accident been intoxicated,

but it having been admitted subject to the defendant's exception, it was a circumstance morally tending to render the disputed fact, which was whether he was intoxicated at the time of the accident or not, more probable, even if it was collateral so as not to be admissible as legal evidence, and the defendant had the right to do away with any impression it may have created in the minds of the jury by evidence of the same character and force which tended directly to meet it. The evidence was properly admitted. *Lytle* v. *Bond's Est.*, 40 Vt. 618; *State* v. *Slack*, 69 Vt. 486.

The question in respect to the charge, argued by the plaintiff's counsel, was not reserved upon trial, and is therefore, not considered.

*Judgment affirmed.*