Thomas v. State.

JAMES THOMAS *v.* STATE.

*(Knoxville.   September Term, 1908.)*

1.  **EVIDENCE.** Statements made the day after the difficulty constitute no part of the res gestae, and are inadmissible.

    Where, in a prosecution for homicide, the theory of the defense is self-defense, testimony that the decedent said, the day after the difficulty, that he struck at the accused with a knife two or three times, but did not know whether he cut him, constituted no part of the *res gestae*, and was incompetent and inadmissible.  (*Post, pp.* 84, 85.)

2.  **SAME.** Admission of incompetent evidence justifies the admission of similar incompetent evidence in rebuttal thereof.

    A party who has, over the objection of his adversary, given to the jury clearly incompetent testimony, will not be allowed to avail himself, as a ground for new trial, or for reversal in the appellate court, of the fact that his adversary used, in rebuttal, neutralizing testimony equally incompetent, but directed to the same point.  Thus, where the accused introduced incompetent statements of the deceased that he had attempted to cut the accused, he cannot object on appeal that equally incompetent testimony was admitted in rebuttal thereof.  (*Post, pp.* 85-87.)

    Case cited and approved: Morgan v. State, 88 Ala., 223; Railroad v. Ladd, 92 Ala., 287; Perkins v. Hayward, 124 Ind., 449; Sherwood v. Titman, 55 Pa., 77; Fuller v. Valiquette, 70 Vt., 502.

---

FROM MONROE.

---

Appeal in error from the Circuit Court of Monroe County.—GEORGE L. BURKE, Judge.

McCROSKEY & PEACE, for Thomas.

ATTORNEY-GENERAL CATES and YOUNG & YOUNG, for
State.

MR. CHIEF JUSTICE BEARD delivered the opinion of the
Court.

Plaintiff in error was convicted of a felonious assault
with intent to commit voluntary manslaughter upon
the person of one Fayette Stewart.  While the plaintiff
in error did not testify, yet the theory of his defense
was that Stewart was the aggressor, and in using the
knife, which the plaintiff in error did, he was acting
under a reasonable apprehension of death, or great
bodily harm, by reason of the fact that he was then be-
ing assaulted with a knife in the hands of Stewart.  No
evidence was introduced tending to support this theory,
save as found in the testimony of witnesses of the plain-
tiff in error to the effect that the day after the difficulty
they heard Stewart say that he did not know whether
he cut Thomas, but he struck at him two or three times.

This testimony went to the jury over the objection of
the State.

Stewart being dead at the time of the trial, in rebut-
tal the State was permitted to show by witnesses that
Stewart had stated to them, or in their presence, at a
time subsequent to the date of the statement attributed
to him by the witnesses of the plaintiff in error, that
he had no knife at the time he was stabbed by Thomas,

and that he made no effort to use a knife in this diffi-
culty. The admission of this testimony over the objec-
tion of the plaintiff in error is assigned as a ground for
the reversal of the judgment pronounced by the trial
court in this case.

It is not seriously claimed by the counsel for the plain-
tiff in error that the statement attributed to Stewart as
having been made after the difficulty, constituting no
part of the *res gestae* and offered in evidence by the
plaintiff in error, was competent as against the State;
nor could a contention that such testimony was com-
petent be maintained. The question, then, is, having
opened the door for such incompetent evidence, will
the plaintiff in error be heard in this court to urge a
reversal upon the ground that other incompetent evi-
dence directed to the same point was introduced by the
State in rebuttal?

It would seem, as a matter of sound reason, that a
party who has, over the objection of his adversary,
given to the jury clearly incompetent testimony, should
not be allowed to avail himself, as a ground for a new
trial, and *a fortiori* for reversal in an appellate court,
of the fact that his adversary had used in rebuttal
neutralizing testimony equally incompetent, but direct-
ed to the same point. In such a case certainly the par-
ty who is unsuccessful, notwithstanding the error of
which he was first guilty, should not be allowed to ob-
tain relief, especially in a court of review, because the
other party had followed a bad precedent which he him-

self had set, whether this was done with or without ob-
jection.     The insistence of the State that this cannot
be done is well supported by authority.     Upon examina-
tion, we find that Mr. Wigmore, in his valuable work
on Evidence (volume 1, section 15), discussing the ques-
tion here presented, with his usual ability and learning,
embodies the principle above suggested in the second
of three rules prevailing in different jurisdictions.     Un-
der this rule the admission "of an inadmissible fact"
justifies "the opponent in resorting to similar inad-
missible evidence."     This rule rests upon the idea of
estoppel; that is, having himself first introduced incom-
petent testimony, he should be estopped to object to
similar testimony offered by the other side directed to
the same point, as long as his own incompetent testi-
mony remains in the record.     This has been the holding
of many English cases, and this rule is said by Mr. Wig-
more to be now regarded as the "orthodox English rule."
In a qualified form, the principle embodied therein has
met the qualified approval of the author in Elliott on
Evidence, as will be seen by referring to volume 2, sec-
tion 889, and it is supported by many American cases.
In *Morgan* v. *State,* 88 Ala., 223, 6 South., 761, it is
held that "the party first in fault cannot take any ad-
vantage of the ruling of the court in favor of the other";
and in *Mobile & B. R. Co.* v. *Ladd,* 92 Ala., 287, 9 South.,
169, it is said: "It is never erroneous to receive ir-
relevant evidence to rebut evidence of a like kind offered
by the other party. *Perkins* v. *Hayward,* 124 Ind., 449,

Thomas v. State.

24 N. E., 1033; *Sherwood* v. *Titman,* 55 Pa., 77, and *Fuller* v. *Valiquette,* 70 Vt., 502, 41 Atl., 579, all agree that, if a party opens the door for the admission of incompetent evidence, he is in no plight to complain that his adversary followed through the door thus opened; and this, although no objection was made in the first instance to the admission of such evidence.

We hold, therefore, that the trial judge committed no error in the matter now complained of; and, the verdict of the jury being amply warranted by the weight of the testimony, the judgment of the court below is affirmed.