ALPHONSO W. LAMONDA AND LILLIE M. LAMONDA *v.* THOMAS PARIZO.

May Term, 1916.

Present:   MUNSON, C. J., WATSON, HASELTON, POWERS, and TAYLOR, JJ.

Opinion filed October 10, 1916.

*Evidence—Collateral Facts—Consultation With Counsel During Trial—Right to Explain Facts—Testimony not Based Upon Personal Recollection.*

Where the parties to an action disagree as to the terms of a contract, and there is a conflict in the evidence given in their behalf, evidence of collateral facts, having a tendency to show that the version of one party as to the matter, is, in the circumstances, more probable than that of the other, is relevant and·admissible, without regard to the conclusiveness of the inference to be drawn from the collateral facts.

Where a question had no tendency to establish the facts contained in the offer made, and nothing appeared to connect it with these facts, it was properly excluded.

No inference adverse to a party's testimony can, in ordinary circumstances, be drawn from the fact that he consults with his counsel during the progress of the trial.

Where the plaintiff was asked, upon cross examination, "Since you were on the witness stand, you have been out in the consulting room with your counsel," and answered "Yes, I rectified this mistake there," the latter part of which answer was stricken out, *held*, assuming that, in the circumstances, the fact was of any consequence, the witness had a right to explain it, and no sufficient reason appeared for striking out the part of the answer objected to.

The plaintiff, having been asked on cross examination, why he brought suit for $3,000 when he claimed only $550, and having replied, that it was "because of the costs, and everything else," was properly allowed to explain on redirect examination that after certain statements were made to him by the defendant, he had included in his account items, which, after consulting with his counsel, he did not try to collect.

An offer to show that a certain claim against the plaintiff was in the hands of an officer for collection, does not go to prove that the creditor was pressing for payment, or that the plaintiffs knew that the officer was handling the claim.

Where the defendant could neither read nor write, and his daughter kept his books, it was not error to refuse to permit him to testify as to certain payments claimed to have been made to him by the defendant, when he could not speak from his own recollection but depended upon information given him by his daughter as to the contents of the books upon this subject.

GENERAL ASSUMPSIT. Plea, the general issue. Trial by jury at the September Term, 1915, Chittenden County, *Miles*, J., presiding. Verdict and judgment for the plaintiff. The defendant excepted. The opinion states the case.

*V. A. Bullard* and *J. J. Enright* for the defendant.

*E. A. Ashland* for the plaintiffs.

POWERS, J. The plaintiffs bought a farm of the defendant together with certain personal property thereon, and took from him a bond for a deed. After they had occupied and carried on the farm for several years, they entered into an arrangement with the defendant under which they deeded the property back to him. They claimed, and their evidence tended to show, that by this arrangement, the defendant was to pay them $550, and was also to pay off certain claims against them amounting to about the same sum. The defendant admitted that he was to pay $550, but claimed, and his evidence tended to show, that he was to pay this amount by paying off the claims referred to. The action is brought for the recovery of the $550, and the only question of fact involved at the trial was whether the defendant was to pay $550 only, or that sum and the claims,—$1,100 in all.

The defendant did in fact pay off the claims, and according to his theory there was nothing due the plaintiffs. The jury, however, accepted the plaintiffs' version of the arrangement, and rendered a verdict in their behalf. The case comes here on the defendant's exceptions.

It appeared that when the plaintiffs deeded back the property, the defendant immediately sold it to one Paro. Subject to the defendant's exception, the plaintiffs were allowed to show that when they bought the farm the purchase price was $6,500; that the price to Paro was the same; that the claims referred to above were secured on the property turned back to the defendant; that they paid $1,500 on the property when they bought it, and had paid about $500 and the interest since.

This line of evidence was properly received. The parties disagreed as to the terms of the contract. There was a conflict in the evidence given in behalf of these parties as to what the consideration for the conveyance to the defendant was. Therefore evidence of collateral facts having a tendency to show that the plaintiffs' version of that arrangement was, in the circumstances, more probable than the defendant's was relevant and admissible. *Comstock's Admr.* v. *Jacobs,* 86 Vt. 182, 84 Atl. 568; *Davis* v. *Randall,* 85 Vt. 70, 81 Atl. 250; *Green* v. *Dodge,* 79 Vt. 73, 64 Atl. 499; *Wood* v. *Finson,* 91 Me. 280, 39 Atl. 1007; *Norris* v. *Spofford,* 127 Mass. 85. And this is so without regard to the conclusiveness of the inference to be drawn from the collateral facts. 1 Jones Ev. §138. The evidence referred to had the tendency specified. It showed that the defendant was getting out of the original deal without loss; and that the plaintiffs were getting back $1,100 of the $2,000 they had paid in, instead of only $550 of that sum. Unexplained or contradicted, the evidence corroborated the plaintiffs' claim.

When Mr. Lamonda, one of the plaintiffs, was under cross-examination, he was asked this question: "Mr. Parizo had a claim on the cows when you went onto the farm, didn't he?" And when objection was made on the ground that the evidence called for was immaterial, counsel for the defendant said: "He has told how much he paid in cash, and how much he has paid since, and they have asked him about that to show his claim is more probable; we want to show the truth of the situation, that the farm was run down and in bad shape, and not worth near

as much as when he took it.'' The objection was sustained, the question excluded, and the defendant excepted.

The defendant, no doubt, had a right to meet the evidence of the collateral facts above referred to by the line of testimony indicated in this statement of counsel. *Fuller* v. *Valiquette*, 70 Vt. 502, 41 Atl. 579. The trouble with the defendant's position was that the pending question had no tendency to establish the facts suggested and nothing appeared to show that it had any connection therewith. So the ruling was free from error.

This plaintiff was also asked in cross-examination ''Since you was on the witness stand, you have been out in the consulting room with your counsel?'' and he replied ''Yes, I rectified this mistake there.'' Counsel for the defendant moved to strike out all of this answer after the word ''yes,'' and asked for an exception on the ground that that part of the answer was irresponsive and the witness a party. The court ordered the part of the answer objected to stricken out and allowed the exception asked for. That a client will be in consultation with his counsel during the progress of the trial is to be expected, and it is impossible to see how an inference adverse to his testimony can, in ordinary circumstances, be drawn from that fact. Assuming however, that in the circumstances of this case, this fact was of any consequence, the witness had a right to explain the fact and his response was within that right. The record does not disclose any sufficient reason for striking out the part objected to; and the exception is without merit.

This plaintiff was further asked in cross-examination why he brought suit for $3,000 when he only claimed $550, and he replied that it was ''because for the costs and everything else.'' Later, he was recalled by his counsel and, subject to exception was allowed to explain that the defendant informed him that the bond for a deed was not binding and that the witness was simply working for him and that thereupon he, the plaintiff, made up a list of charges amounting to about $3,000, which after consulting counsel, he never tried to collect. This exception is also without merit. Having opened the subject, the defendant could not prevent the explanation.

One of the claims against the plaintiffs paid by the defendant was in favor of the Burlington Evaporator Company. The defendant offered to show that this claim was, when he paid it, in the hands of an officer for collection. This was excluded and

the defendant excepted.    All the claim made below in support of this offer was that it would show that the Evaporator Company was pressing for payment.    But the question did not go that far. It did not show that the Evaporator Company had been pressing for payment or that the plaintiffs knew that the officer was handling the claim.    Without more, the offer was properly excluded.

The defendant cannot read or write, and his daughter kept his books.    He was asked by his counsel how much Lamonda had paid him on the farm, and replied that he knew from the books, that his daughter kept the books, and that he knew from what she said.    Counsel then stated to him that Lamonda claimed he had paid $500 and $1,600 on the principal and interest, and asked him if Lamonda had paid these amounts.    This question was objected to on the ground that the witness had no personal knowledge of the fact.    He was then asked by the court, ''Do you know any other way than what your daughter has told you?'' and he replied, ''I should have to know all those things from my daughter because she keeps the books.''    Thereupon defendant's counsel offered to show that ''this matter was read over to him, and from what was said to him by his daughter, who kept the books, he remembers all those items, and is speaking from his own recollection refreshed from what was read from the books by his daughter.''    The question was excluded and an exception allowed.

The ruling was correct.    The witness had twice testified, in effect, that he had to depend upon his daughter for the amounts paid him and the court was fully justified in assuming from his testimony that he was unable to speak from his own recollection. In these circumstances the fact that the offer assumed a recollection on the part of the witness was not controlling.

*Judgment affirmed.*