RICHARD S. HOOPER, TRUSTEE IN BANKRUPTCY *v.* MAMIE
KENNEDY.

May Term, 1927.

Present: WATSON, C. J., POWERS, SLACK, FISH, and MOULTON, JJ.

Opinion filed October 5, 1927.

*Findings of Fact under G. L. 2259—Supreme Court Cannot
Supply Omission of Findings of Fact—Dismissal of Bill of
Exceptions on Motion Because No Findings of Fact Filed—
Reversal Pro Forma.*

1.  In a case tried by court, involving questions of fact entitling
    either party to trial by jury, paper signed by all members of
    court and filed with clerk, stating, "It is found that the facts
    are as appear from the transcript of the evidence given in
    this case, together with concessions of counsel and exhibits
    received, all of which is referred to and made the findings of
    fact in this case," although designated as "Findings of Fact,"
    *held* not compliance with requirements of G. L. 2259 relating
    to necessity for filing with clerk written findings of fact be-
    fore bill of exceptions is allowed.
2.  Where parties having choice of trial by jury or court chose latter,
    trial court must proceed as required by G. L. 2259 with respect
    to making and filing written findings of fact, and Supreme
    Court is without power to supply such essential part of record,
    if omitted by trial court.
3.  Where trial court allowed bill of exceptions without having made
    and filed written findings of fact as required by G. L. 2259,
    under such statute, on motion, bill of exceptions is subject to
    dismissal, and judgment below to affirmance, but, no such
    motion having  been interposed, judgment will be reversed
    *pro forma* and cause remanded for new trial.

ACTION OF REPLEVIN by trustee in bankruptcy.  Plea, gen-
eral issue.  Trial by court at the December Term, 1926, Cale-
donia County, *Chase,* J., presiding.  Judgment for the defend-
ant.  The plaintiff excepted.  The opinion states the case.  *Re-
versed pro forma and cause remanded.*

*Horace F. Graham* for the plaintiff.

*Leon E. Ellsworth* for the defendant.

WATSON, C. J.    Richard S. Hooper, as trustee in bankruptcy of John A. Kennedy, brings this action of replevin to recover of defendant, the wife of the bankrupt, one Overland sedan automobile, claimed by plaintiff as property of the bankrupt and part of his estate in bankruptcy which, as of the date he was adjudged a bankrupt, passed to the trustee by operation of law. The case was heard on December 16, 1926, by the county court in Caledonia County, the December Term being then in session. On the same day the so-called "Findings of Fact" (discussed below) were filed. In connection with such filing or subsequently, a judgment was rendered for the defendant to recover her costs, and for return of the property.    To the action of the court in rendering a judgment for defendant the plaintiff excepted.    The bill of exceptions was allowed and filed on January 14, 1927, in which a transcript of the evidence and proceedings, containing 16 pages of typewritten matter, is referred to and made controlling.

At the trial there had defendant claimed to be the owner of the car under the original purchase, June 21, 1924, and also by gift of her husband, January 5, 1926, long enough before he was adjudged a bankrupt to be unaffected by the bankruptcy law.

The bankrupt was the only witness who testified on either side.    He was called by plaintiff, and gave testimony at considerable length, both in chief and in cross-examination.    Seven or more exhibits were introduced, and several concessions were made by the defendant.

[1]    The case involved questions of fact that entitled either party to trial by jury.    Therefore the trial, being by court, came within and was controlled by the provisions of G. L. 2259.    By the law of that section, "Before a bill of exceptions is allowed, the facts found by the court upon which judgment is rendered shall be reduced to writing, signed by a majority of the members of the court and filed with the clerk.    Other or different facts at issue in the cause so tried shall not be allowed in the bill of exceptions, except such as relate to the admission or rejection of evidence.    A bill of exceptions filed contrary to the provisions

of this section shall, on motion in the supreme court, be dismissed and judgment of the county court affirmed.''

On the day of the trial, a paper, signed by all the members of the court and filed with the clerk, stating that the case was heard by the court, further stated as follows: ''After considering the evidence introduced, together with concessions of counsel, it is found that the facts are as appear from the transcript of the evidence given in this case, together with concessions of counsel and exhibits received, all of which is referred to and made the findings of fact in this case.'' The paper so drawn and filed was designated as ''Findings of Fact.''

But unless one be misled by fallacious reasoning, how can one view the foregoing as a writing out of facts, signing and filing the same, in manner and form essential to the requirements of G. L. 2259? Clearly it was not such in any true sense contemplated by the statute. That which appeared from the transcript as merely the evidence of facts before the drawing and signing of said paper, did not thereby become a statement of facts proved. It was still merely evidence of facts not stated. The law of that section of the statute was first enacted as No. 56, Acts of 1888, and it came before this Court at the May Term, 1891, in *Hale & Chase* v. *Simpson*, 63 Vt. 601, 22 Atl. 664. It was there held that the statute is explicit requiring the facts to be written out, signed by the court and filed, ''before any bill of exceptions shall be allowed,'' and that the intention of the Legislature to confine the case strictly to the statement of facts filed within the thirty days allowed for filing exceptions, is apparent from every provision of the act. In *Singer Mfg. Co.* v. *Nash*, 70 Vt. 434, 41 Atl. 429, an action of replevin, it was held that in passing upon the question as to what judgment ought to have been rendered on the facts found, this Court was restricted to the facts found and filed in the court below, and that by the statute no other or different facts at issue in a case so tried should be allowed in a bill of exceptions, except such as relate to admission or rejection of evidence. And in *Powell* v. *Merrill*, 92 Vt. 124, 103 Atl. 259, an action of general assumpsit, tried by court, the exceptant claimed on his motion for reargument that the assertion in the original opinion that the findings did not show a certain fact, was incorrect; for that the findings were enlarged by reference to the transcript and exhibits con-

tained in the bill of exceptions, from which such fact clearly appeared. It was held that this Court was bound by the findings filed below pursuant to the statute (G. L. 2259) which expressly provides that in a case, within the provisions of that section and tried by court, the findings should be signed by a majority of the court and filed with the clerk, and that the statute precludes an examination of the transcript or exhibits for missing facts. To the same effect is *Grapes* v. *Rocque,* 96 Vt. 286, 119 Atl. 420.

[2] Notwithstanding, as shown by the cases noticed above, the language of that section of the statute has ever been held to be so plain and unambiguous in meaning as to leave no room for construction (See *Perkins* v. *Cummings,* 66 Vt. 485, 29 Atl. 675; *State* v. *Franklin County Sav. Bank & Tr. Co.,* 74 Vt. 246, 52 Atl. 1069), the court below, in the instant case, failed to observe the statute in such explicit requirements as to the facts being reduced to writing, signed and filed, before allowing a bill of exceptions. The parties had a right to choose a trial of the case by jury, or by court. They chose the latter, and it was the duty of the court in the trial to proceed in the respects named in observance of all explicit statutory requirements. Only in and by that court could those duties be performed. This Court is without power to supply such essential part of the record, if omitted, in a case thus tried below. *Powell* v. *Merrill, supra; Grapes* v. *Rocque, supra; Wilson* v. *Barrows,* 96 Vt. 344, 119 Atl. 422.

[3] Proceeding in derogation of such explicit requirements, the trial court allowed the bill of exceptions before us to be filed contrary thereto, and consequently the same, by a further provision of the same statute, would necessarily be dismissed and the judgment of the county court affirmed, had a motion been made in this Court therefor. But as no such motion has been interposed, there will be a reversal *pro forma* on the exception to the action of the court in rendering judgment for defendant, and the cause remanded for a new trial.

*Judgment reversed pro forma and cause remanded.*