PEOPLE'S NATIONAL BANK v. ARMAND BRUNELLE.

October Term, 1927.

Present: WATSON, C. J., POWERS, SLACK, MOULTON, and CHASE, JJ.

Opinion filed January 19, 1928.

44

*H. W. Scott, D. C. Davis,* and *John W. Gordon,* for the plaintiff.

*Theriault & Hunt* for the defendant.

POWERS, J.   The plaintiff sues for the conversion of an automobile.   The defendant had judgment below on facts found by the court.   The plaintiff excepted.

The findings show that on February 21, 1925, the defendant bought of Kelley & Nelson, Inc., a Nash automobile, which he paid for by turning in a Maxwell car at a price agreed upon and giving his note secured by a lien on the Nash car for the balance of the purchase price.   A week later, this note was transferred to the plaintiff and credited to the account of Kelly & Nelson, Inc.   This note was not paid when it fell due, and on November 10, 1925, it was charged back to the account of Kelly & Nelson, Inc., and its amount was included in the latter's note for a larger sum then taken by the plaintiff.   Since that time, the plaintiff has held the lien note as collateral security for such larger note.   It turned out that the Maxwell car was subject to a mortgage amounting to $275.   When this fact appeared, and on April 4, 1925, the defendant executed to Kelly & Nelson, Inc., a mortgage on certain real estate in Montpelier as additional security for the lien note and to cover· the amount of the mortgage on the Maxwell car, together with a bill for certain accessories bought of them.   This real estate was subject to a prior mortgage of $800.   Its value was from $2,250 to $2,500.   On February 9, 1926, at the request of Kelly & Nelson, Inc., the defendant executed to them a warranty deed of the Montpelier property subject to the mortgage aforesaid.   This deed was made and accepted with the express agreement that it was to operate as a payment and discharge of the lien note, and that any amount that might be realized from the property in

excess of the amount required to pay that indebtedness should belong to the defendant. On April 8, 1926, Kelly & Nelson, Inc., conveyed this real estate to the plaintiff; and it is found that this conveyance was "subject to the same understanding and agreement as to the defendant,"—which finding counsel understand to mean that the plaintiff was to take the property in satisfaction of the lien note and account to the defendant for any excess as above,—and we adopt this interpretation of the finding. Exception was taken to this finding for lack of supporting evidence. About the middle of July, 1925, the defendant went to Lowell, Mass., to work and took the Nash car with him. He came back with it in August, and a little later again went to Lowell with the car, and it has remained there ever since. So far as the findings show, no one interested in the lien note consented to the removal of the car from the State. It was this removal and an uncomplied with demand for the car that the plaintiff relied upon to establish the conversion.

The plaintiff excepted to the failure of the court to find, as it was duly requested to do, that the lien note was duly recorded. G. L. 2836 provides that personal property sold conditionally, upon which there is reserved a lien duly recorded, shall not be removed from the State without the consent of the vendor or his assignee. So it is incumbent on one who stands upon such removal to establish a conversion of the property to prove that his lien is recorded in the proper town clerk's office. Such a finding was necessary to this plaintiff's right of recovery so far as its claim was predicated upon the removal of this car to Lowell. The exception was well taken. It is no answer to the plaintiff to say that the instrument itself, which was an exhibit and is referred to and made a part of the findings, shows the fact of proper registration. The instrument is evidence, merely; and, since the action was triable by jury, exhibits cannot be referred to for the purpose of supplementing the findings, as we have often held. *Hooper, Tr.* v. *Kennedy,* 100 Vt. 376, 138 Atl. 778, and cases referred to.

The plaintiff also excepted to the court's failure to find, though properly requested, that the car was taken out of the State without the plaintiff's consent; that the plaintiff, through its attorney, made seasonable demand on the defendant for it; and that its value was stipulated to be $700. These were facts vital to the plaintiff's case as made by its complaint, were

established by sufficient evidence, and should have been covered by the findings. But it is quite apparent that these errors were harmless, if the finding as to the agreement under which the plaintiff accepted the deed of the Montpelier real estate is to stand. In that case, none of the foregoing matters would be of consequence, because the conversion, if any, was accorded and satisfied by the deed.

The only testimony in the transcript pointed out or relied upon by the defendant as sustaining the finding is the following question and answer in the testimony of Kelly, of Kelly & Nelson, Inc.:

> "Q. You told the bank what your arrangement was with the defendant when you gave them this deed?
> A. I did."

The witness had emphatically denied that the arrangement referred to included an agreement to accept the deed in satisfaction of the lien note. The question was asked by the court; if the answer was intended to mean what the defendant claims for it, it was contrary to the whole tenor of the witness' testimony. *Omnia rite acta* is the rule, to be sure, and in aid of the judgment we must read the evidence so as to support the finding, if this can reasonably be done. *Reed* v. *Hendee*, 100 Vt. 351, 137 Atl. 329, 333. So this finding is to stand if, upon any rational view of the evidence, it supports it. The testimony, however, is not to be considered piecemeal (*Woodhouse* v. *Woodhouse*, 99 Vt. 91, 109, 130 Atl. 758), but is to be considered as a whole, together with reasonable inferences drawn therefrom. Though this question and answer, standing alone, might be construed as the defendant asks us to construe it, yet when it is considered in the light of the other testimony given by the witness, it seems plain that the only reasonable construction to be given to it is the one contended for by the plaintiff—that the witness meant that he told the bank of the arrangement he had testified to. Any other construction would be unreasonable, and consequently inconsistent with the record. The exception is sustained.

As bearing on the probability that Kelly & Nelson, Inc., accepted the deed as a satisfaction of the debt represented by the lien note, the defendant was allowed to show an offer of $2,250 was made for the property at Montpelier and that Kelly

advised against its acceptance on the ground that it was inadequate. The court correctly ruled that this unaccepted offer was not admissible as evidence of value (*Smith* v. *Reynolds*, 94 Vt. 28, 38, 108 Atl. 697), but admitted it for the purpose above stated, and the plaintiff excepted. This offer was made while Kelly & Nelson, Inc., held the mortgage on the property, and before the deed was given. Kelly's opinion of its value at the time the offer was made was of no consequence except as it bore on the probabilities of what the arrangement was when the deed was given. In its relation to that, it was a collateral fact having some tendency to make it more probable that Kelly & Nelson, Inc., would agree to accept the deed in satisfaction of the note; hence it was relevant and admissible (*Lamonda* v. *Parizo*, 90 Vt. 381, 383, 98 Atl. 980)—provided, of course, that the defendant connected the plaintiff with the agreement by producing evidence tending to show that it assented thereto when it took its deed. Then, too, as suggested by the defendant, any error in admitting this testimony would have been rendered harmless by the evidence to the same effect by the witness Cormier, a man of equal reliability so far as appears, to which no objection was made. *Woodhouse* v. *Woodhouse*, 99 Vt. 91, 124, 130 Atl. 758.

*Reversed and remanded.*