IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
January 5, 2001 Session

## JAMES RAY v. THOMAS ALVIN RICHARDS

**Appeal from the Circuit Court for Davidson County**
**No. 99C-2370     Hamilton Gayden, Judge**

---

**No.  M2000-01808-COA-R3-CV - Filed July 17, 2001**

---

Plaintiff filed a complaint against Defendant for personal injuries resulting from an alleged assault which occurred on October 20, 1998.  The jury found for Defendant.  Plaintiff appeals raising two issues: (1) Whether the trial court committed reversible error by admitting evidence of Plaintiff's character, reputation, conduct, and criminal records, and (2) whether the trial court erred in allowing the neighbor's petition describing Plaintiff as a public nuisance into evidence.  We affirm the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR. and PATRICIA J. COTTRELL, JJ., joined.

Jason S. Mangrum and Aaron T. Raney, Nashville, Tennessee, for the appellant, James Ray.

Julian W. Blackshear, Jr. and Jeffrey W. Blackshear, Nashville, Tennessee, for the appellee, Thomas Alvin Richards.

### OPINION

The parties to this lawsuit reside in the same neighborhood.  At trial, Plaintiff alleged that on October 20, 1998, he was on a walk in the neighborhood.  He encountered Defendant and that Defendant assaulted him with a stick which caused the plaintiff injuries.  Plaintiff phoned the police department and reported the incident.  Defendant was arrested and charged by the police with hitting the plaintiff with a broom handle and causing him bodily injury.

Defendant had a different version of the events than Plaintiff of the October 20, 1998 incident.  Defendant alleged that he was in his yard propping himself up with a broom handle when Plaintiff approached him and pinned Defendant against the mailbox.  The following day, Plaintiff was walking around the neighborhood with a long stick that had a nail in the end of it in case he came upon a "rat."

Plaintiff's general conduct and the way he behaved in the neighborhood alerted the residents of the neighborhood to the extent that a petition was circulated describing Plaintiff as a public nuisance.

On August 26, 1999, Plaintiff filed a civil warrant in Davidson County General Sessions Court alleging that Defendant assaulted him and that he suffered personal injuries. Defendant denied all claims and asserted that Plaintiff filed the claim fraudulently and that Plaintiff's injuries were self-inflicted.

After an adverse judgment in General Sessions Court, Plaintiff appealed to the Circuit Court for Davidson County. At trial in the circuit court on April 10 and 11, 2000, before a jury, a judgment was entered for the defendant. Plaintiff appealed represented by new counsel.

Plaintiff/Appellant argues that the trial court erred by permitting the introduction of evidence including opinion and reputation testimony concerning Plaintiff's character and specific instances of conduct, prior convictions of the Plaintiff, as well as hearsay evidence. We have determined that Plaintiff cannot raise this issue on appeal because he failed to make a timely objection to this evidence at the trial of this case. We first address the plaintiff's assertion that the defendant's counsel was successful in having Defendant and two other witnesses discuss specific instances of Plaintiff's conduct.

Plaintiff's assertion is correct since Defendant Richards and the witnesses, Charles and Mary Cason, testified as to numerous instances where they observed Mr. Ray trespassing on other people's property, repeatedly driving by neighboring homes, and generally putting the people of the neighborhood in fear. No objection, timely or otherwise, was interposed to any of this testimony.

The same is true as to testimony concerning the past criminal record of Mr. Ray, much of which dealt with charges not necessarily followed by conviction. These charges involved DUI, fleeing and eluding police, carrying a prohibited weapon, possession of a controlled substance, reckless driving, and contributing to the delinquency of a minor.

Plaintiff argues that such testimony was inadmissible under Tenn.R.Evid. 403, 608, and 609. However, the exchanges about which Plaintiff complains regarding character evidence, specific instances of conduct, and criminal charges cannot be addressed on appeal because the exchanges were not met by appropriate objections. Generally, relief is not available in the appellate courts to a party who fails to take whatever action is necessary to prevent error. *See* Tenn.R.App.P. 36(a). "Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and . . . [i]n case the ruling is one admitting evidence, a timely objection or motion to strike appears of record, stating the specific ground of objection if the specific ground was not apparent from the context." Tenn.R.Evid. 103(a)(1).

Objections to the introduction of evidence must be timely and specific. *See Overstreet v. Shoney's, Inc.*, 4 S.W.3d 694, 702 (Tenn. Ct. App. 1999). An

evidentiary objection will be considered timely either if it is made in a motion in limine or if it is made at the time the objectionable evidence is about to be introduced. *See Wright v. United Servs. Auto. Ass'n*, 789 S.W.2d 911, 914 (Tenn. Ct. App. 1990).

> . . . .

> A party who invites or waives error, or who fails to take reasonable steps to cure an error, is not entitled to relief on appeal. *See* Tenn. R. App. P. 36 (a), cmt. a. Failure to object to evidence in a timely and specific fashion precludes taking issue on appeal with the admission of the evidence. *See Ehrlich v. Weber*, 114 Tenn. 711, 717-18, 88 S.W. 188, 189 (1905); *Pyle v. Morrison*, 716 S.W.2d 930, 936 (Tenn. Ct. App. 1986); Tenn.R.Evid. 103 (a)(1).

*Grandstaff v. Hawks*, 36 S.W.3d 482, 488 (Tenn. Ct. App. 2000). Plaintiff's counsel objected to testimony regarding possession of a controlled substance on the ground that it was an expunged record. Further, he objected to testimony regarding reckless driving on the ground of relevance. Plaintiff's objection to the reckless driving was sustained. Plaintiff's counsel at the trial failed to object to the remaining exchanges. Accordingly, we decline to address the admissibility of the evidence.

The final issue raised by the Plaintiff is the argument that the neighborhood petition was entered in error and constitutes reversible error. Plaintiff's attorney at trial was the first to mention the neighborhood petition during opening statements by stating:

> You are going to hear some testimony that there were some pamphlets, flyers, criminal records passed out soon after this incident. There were some documents passed out that were meant to slander my client's name, to make him look bad. You may hear some testimony that there were some records and reports that were passed out to the children in the neighborhood about Mr. Ray's prior criminal activity, all meant to slander his name.

After being the first to introduce the existence of the petition to the jury during opening statement, Plaintiff asserts that the following exchanges concerning the neighborhood petition were improper under Tenn.R.Evid. 801 and 802, and that the admission of the document constitutes reversible error:

> Q.    (By Mr. Blackshear) I'm going to get back to those charges in one moment. Are you aware of any petition that neighbors in the neighborhood were circulating about this man?
> A.    (By Thomas Richards) Yes, I was.
> Q.    Okay.
> A.    I was the last one - -
> Q.    Have you seen the petition?
> A.    Yeah.

Q. This petition eventually was given to you, right?

A. Right.

. . . .

Q. I hand you this document before you that's entitled "Residence [sic] of Spence Court; Spence Circle; Marwood Lane, Nashville, Tennessee," and ask you if this is the petition that was handed to you?

A. It is.

Q. This is the petition you're referring to in your testimony?

A. Right.

MR. BLACKSHEAR: May it please the Court, Mr. Richards is unable to read, and with your Court's permission I'd like to read it for him.

THE COURT: Any objection, Mr. Gold?

MR. GOLD: I object because it's hearsay.

MR. BLACKSHEAR: He can authenticate that - -

MR. GOLD: If Your Honor would like a sidebar conference - -

THE COURT: Let me see what it is.

MR. GOLD: Furthermore, I've had no chance of looking at this. When Mr. Blackshear and I exchanged our discovery, he did not provide this to me.

MR. BLACKSHEAR: Well, if you don't want the jury to see it, I want to know why.

MR. GOLD: It's highly prejudicial.

MR. BLACKSHEAR: I believe I'll agree with you on that one. Now, if Your Honor, please, if Your Honor wants the signatories on this petition to come in just for the purpose of authenticating it, as that being their signature, I can do that too, Your Honor, but I'm trying to save some time.

THE COURT: Well, I'll have to sustain the objection. It could be admissible as - -

MR. BLACKSHEAR: I'll reserve that - -

THE COURT: - - but there's no ability to cross-examine this at this time.

MR. BLACKSHEAR: I beg your pardon?

THE COURT: There's no ability to cross-examine this at this point in time.

MR. BLACKSHEAR: Okay. I'll wait until another comes in.

MR GOLD: Thank you, Your Honor.

A. Me and my wife was the last ones to sign this petition.

Q. (By Mr. Blackshear) Okay. You did sign it?

A. Yes, I did on the last paper.

Q. Last paper?

A. Right.

Q. All right.

MR BLACKSHEAR: Now, may it please the Court, is it hearsay now? Can he now authenticate his own signatures [sic]?

Q. (By Mr. Blackshear) It this the petition that you signed?

A. That's it.

MR BLACKSHEAR: May I now read it to the jury?

THE COURT: Yes.

MR. BLACKSHEAR: Thank you, Your Honor.

"We, the undersigned, affirm that we have witnessed a suspicious person walking repeatedly through our neighborhood, slowly and repeatedly driving through our neighborhood, often stopping and staring at our residences in a stalking manner. These suspicious acts have occurred several times a day, as well as various times during the night and early morning hours. We have firsthand knowledge that several residents have had a one-on-one confrontation with this suspicious person regarding his actions.

Through records obtained at the Metropolitan Police Department in Nashville, Davidson County, we have learned this person's identity to be James E. Ray of 300 Spence Lane. We consider this suspicious individual to be a disruption to the peacefulness of our neighborhood and, furthermore, a public nuisance."

. . . .

Q.     (By Mr. Blackshear)  It's a petition that says that Mr. Ray is a suspicious person - -

MR. BLACKSHEAR: May I read that petition to him, Your Honor?

MR. GOLD: In the interest of time, I don't object.

Q.     (By Mr. Blackshear) I hand this petition - -

MR. BLACKSHEAR: Could I - - could you hand it to him, sir.

Q.     (By Mr. Blackshear) It's Exhibit 9.  Is that your name up there?

A.     (By Charles Cason)  My name is on the top line.  My wife's is second.

Q.     All right.  Is that your signature?

A.     It is my signature.

Q.     Okay, sir.  And do you affirm what is said in that petition now?

A.     I don't think I've read this.

Q.     All right.  Well, read it now.

A.     I don't have my reading glasses, and I can't read this fine print.

MR. BLACKSHEAR: May I read it to him?

THE COURT: Go ahead.

Q.     (By Mr. Blackshear) "We, the undersigned, affirm that we have witnessed a suspicious person walking repeatedly through our neighborhood, slowly and repeatedly driving through our neighborhood often stopping and staring at our residences in a stalking manner. These suspicious acts have occurred several times a day, as well as various times during the night and early morning hours. We have firsthand knowledge that several residents have had a one-on-one confrontation with this suspicious person regarding his actions.

Through records obtained in the Metropolitan Police Department in Nashville, Davidson County, we have learned this person's identity to be James E. Ray of 300 Spence Lane. We consider this suspicious individual to be a disruption to the peacefulness of our neighborhood and furthermore a public nuisance."

Is that - - do you agree with that?

A.	I signed it.  He walks the street all the time.  I mean, he's done that since he's been there.

Q.	Well, I think the jury would like to hear from you either a yes or no.  Do you agree with that, sir?

A.	Yes.

Q.	Thank you, sir.

MR. BLACKSHEAR: Is it necessary for me to introduce that as evidence, the exhibit?

THE COURT: It's still for identification only.  You've got 21 signatures on there.

MR. BLACKSHEAR: Okay, sir.

Plaintiff only objected to the petition after the Court inquired as to whether he objected to its introduction.  Plaintiff objected on the ground of hearsay and the Court sustained the objection.  Subsequently, Defendant's counsel read the petition without objection.  At a later time, Defendant's counsel again read the petition aloud.  Plaintiff's counsel stated, "In the interest of time, I don't object."

"Tennessee has long recognized a 'good-for-the-goose, good-for-the-gander' rule that 'if a party opens the door for the admission of incompetent evidence, he is in no plight to complain that his adversary followed through the door thus opened; and this, although no objection was made in the first instance to the admission of such evidence.' " *Spadafina v. State*, No. W1999- 00268-CCA-R3-PC, 2000 WL 1670965, *11 (Tenn. Crim. App. Oct. 23, 2000) (citing *Thomas v. State*, 121 Tenn. 83, 87, 113 S.W. 1041, 1042, (1908); *see also Garrison v. State*, 163 Tenn. 108, 121, 40 S.W.2d 1009, 1013 (1931)).  Since Plaintiff was the first to inject the issue of the petition in his opening statement, he is compromised when objecting to it at trial.

Plaintiff did not object to the introduction of the petition the second time Defendant introduced it.  Accordingly, because Plaintiff did not renew his objection to the petition, we decline to address whether this evidence was admissible.  *See Grandstaff v. Hawks*, 36 S.W.3d 482 (Tenn. Ct. App. 2000).  This Court is of the opinion that Plaintiff's failure to renew his objection constituted a waiver of any error by the court in permitting Defendant to read the petition.  Therefore, the issue of the neighbor's petition is not available in this Court.  See Tenn. R. App. P. 36(a).

There was material evidence to support the verdict of the jury approved by the trial judge and Appellant does not assert otherwise.  Tenn. R. App. P. Rule 13(d) thus precludes this Court from consideration on appeal of any issue as to the facts of the case.  The judgment of the trial court is affirmed and costs on appeal are assessed to Appellant.

_____

WILLIAM B. CAIN, JUDGE